ALBERT LUBERT, Respondent, *v.* JOHN J. CHAU-
VITEAU et al., Appellants.

A plaintiff has a right to waive a *tort*, as against factors, and to bring his action to compel them to account, and for the net proceeds arising from the sales.

The plaintiff may show the manner in which defendants became possessed of the goods, and, though the proof should show that they became possessed of them wrongfully, it will be sufficient to maintain an action against them, as consignees or factors.

The distinction in the *form* of actions *ex delicto* and *ex contractu* was abolished by statute, but the general principles which govern such actions, are retained.

If the plaintiff waives the tort, and sues defendants as factors, they must be considered as acting under his authority, and plaintiff can only recover the *net proceeds* of sales effected by them, after deducting necessary charges and commissions.

It is error to admit evidence of the *value* of the goods sold in such action, where no charge is made of fraud, non-performance, or negligence. The strict measure of damages in such case, is the net proceeds of sale.

It was error to reject the books of the defendants, offered to prove the account of the sales.

When the defendants were sued as *factors*, it was not necessary to set forth in their answer, their claim for disbursements, commissions, &c., by way of set-off.

And in such action it was error for the court to charge the jury, that it was for them exclusively to say what amount the plaintiff was entitled to recover, and that defendants were liable for the value of the goods at the time of demand made.

APPEAL from the Fourth Judicial District.

The suit was brought by plaintiff, resident of Bordeaux, in France, who complained, that about the 7th September, 1850, he shipped in the ship Salome, bound from the port of Bordeaux to San Francisco, a quantity of merchandise (describing it), and assigned the same to Messrs. Hugens Brothers, commission merchants of said city of San Francisco, or their order; which said merchandise duly reached its port of destination, and was placed, by the handing over of the bill of lading into the hands of the defendants, who were commission merchants of said city, by the said Messrs. Hugens Brothers, the consignees of the said plaintiff, to sell and dispose of the same to the best

advantage for the sole use and benefit of the plaintiff, and that defendants agreed to render a just and true account of the sales, &c., and to pay the proceeds thereof to the said plaintiff as his agents.

And plaintiff shows that defendants received the said merchandise, according to the understanding above stated, and that they have sold and disposed of the whole, or the greater part thereof, and that they have refused to pay over the net proceeds, or any part thereof, though often requested by the agents of the said plaintiff, and asks judgment for $2500, the value of the said merchandise, and for costs.

The answer of the defendants denies all the allegations in the bill.

The facts in this case were as follows:—In September, 1850, the plaintiff shipped a quantity of merchandise, sardines, white gum, prepared peas, and cloves, which he consigned to the house of Hugens Brothers, commission merchants, San Francisco, with instructions to sell the goods for cash, and to remit the proceeds, in bills or gold, to the plaintiff.   In August, 1850, Hugens Brothers, incurred liabilities to the amount of $5000, to the house of defendants, commission merchants and bankers, doing business in San Francisco, which they failed to meet at maturity.   In December, 1850, the defendants required of Hugens Brothers, additional security for the debt; who finally pledged, conditionally, two bills of lading, on the way from France, one of which was the duplicate of the plaintiffs' goods. The understanding was, that the defendants should hold these securities till Hugens Brothers could place securities of their own in lieu of them.   At the time the pledge was made to defendants, they were told by Hugens Brothers, that the goods mentioned in the bill of lading of one vessel (the Salome), belonged to the plaintiff, and that they had no interest in, or lien upon it; that plaintiff was in no way indebted to them.   At the time Hugens Brothers showed to the defendants the letters of instruction of the plaintiff (Exhibit 2).   Some time after the pledge above mertoned, Hugens Brothers placed in the hands of defendants a large consignment of goods, that arrived by the ship Julius; which they agreed to receive in place of the bills of lading pledged as above.

This consignment was received by defendants as a full payment of all the indebtedness of Hugens Brothers. A short time after this, the ship Salome arrived, and defendants were requested to hand over the bill of lading, or give a permit to land the plaintiff's goods. They positively refused to do either, and insisted on holding the goods until the merchandise of the Julius was sold, and their account with Hugens Brothers was closed.

At the time of the demand and refusal, plaintiff's goods were worth $4500 or $5000; the sardines alone were sold for $3500 by Hugens Brothers, but could not be delivered to the purchaser, owing to the refusal of defendants to deliver them. The defendants had exclusive control of the goods, and they afterwards sold the greater part thereof. By the account of sales made, and from the evidence of defendants' clerk, it appeared that the sardines and peas sold for $3112 92.

Defendants' counsel moved for a nonsuit, on the ground that the proof did not support the complaint. The motion was overruled, and exception taken.

The defendants then proved that the white gum, cloves, and one case of preserved peas, were burned in the fire of May, 1851, and that they had paid duties and custom-house charges on the goods, to the amount of $910 50. Plaintiff's counsel contended that their charges could not be proved under the pleadings. The court admitted the proof, and plaintiff excepted.

Defendants proved that the rate of commission on the sale of goods, in 1850 and 1851, was ten per cent.; which plaintiff objected to, but the court admitted the proof, and plaintiff excepted.

Defendants offered to give in evidence an account of sales of the goods, by the Salome taken from their books, and offered to produce the books of the firm; which the court rejected, and defendants' counsel excepted.

The court charged: That if the jury believed that the goods of plaintiff were pledged by Hugens Brothers, to secure a debt of their own, with knowledge on the part of the defendants, at the time the pledge was made, that the goods belonged to the plaintiff, the plaintiff was entitled to a verdict.

2d. If they found affirmatively on the first proposition, it was for them, exclusively, to say what amount the plaintiff was

entitled to recover; and as to said amount, they were limited only by the $2500 claimed in the complaint; but in making up the amount they were to leave out the goods destroyed by fire, as the plaintiff waived any claim for them; that they should ascertain what the goods were worth at the time of demand and refusal, or what they sold for, after deducting the expenses and charges set up by defendants, if they should find said charges and expenses true, and render a verdict for said amount, but limited by the amount claimed. Defendants' counsel excepted to the charge, and asked the court to charge,—

1st. That if the goods were delivered by Hugens Brothers to the defendants to be sold by them, and the proceeds of sale placed to the credit of Hugens Brothers, the plaintiff is not entitled to recover. Which the court refused.

2d. The counsel of defendants argued that the evidence went to support an action *ex delicto*, and that the complaint was for an action *ex contractu*, and asked the court to instruct the jury that, if they believed the evidence did not sustain the contract as laid in the complaint, the defendants were entitled to a verdict. The Court refused and defendants excepted.

The jury found for the plaintiff, $2500, and the court ordered judgment accordingly, with costs, &c. Defendants appealed.

No brief for appellants is on file.

*W. H. Sharp*, for respondent.

A factor cannot pledge the goods of his principal, for his own debt: 2 Kent's Com. 3d ed. 625; Sto. Agen., sect. 296; 20 Johns. Rep. 421; nor can he do this by endorsement and delivery of the bill of lading: Sto. on Bailment, sect. 225.

The court properly refused the nonsuit. The code of this State only changed the *form*, not the principles, of pleading, as known at common law: Dullum v. Gibson, 3 Code Rep. 153. One who commits a tort on the goods of another, by which he obtains a benefit, can be charged in assumpsit, as for goods sold, or money received: 2 Greenl. Ev., sect. 108; 10 Mass. R. 431; Webb v. Winter, 1 Cal. Rep. 418. The complaint states the legal effect of facts, instead of the facts themselves, which is all that is required; there is no material variance between the

complaint and the proof: Chit. on Pleading, 225 ; 3 Code Rep. 153.

In proving the *tort* and conversion, the breach of contract is proved, and the fact that defendants received the plaintiff's money supports the complaint.    Harkins *v.* Denhour, A. N. P. 81 ; 24 Wend. 70.

Defendants' answer simply denies the complaint.    This gave no right to set-off, or to a counter claim.    They must make a statement of any new matter constituting a defence.    Prac. Act, sect. 46 ; see Cal. Rep. 362 and 368.    Defendants cannot claim commissions, that are only given on a faithful performance of all the duties of the whole business : Sto. Agency, sect. 329, &c. They denied plaintiff's right, and refused to account, &c.    Ib. 331.

The value of the property at the time of the conversion, is the ordinary rule of damages. The jury has discretion to find its value at a future time.    3 Con. 82 ; Greenl. Ev. 2, sect 276.

Misdirection as to damages will amount to nothing, if the plaintiff has recovered nothing more than justice would give him. 25 Wend. 417 ; see 3 Johns. Rep. 529 ; 10 Ib. 447.

The opinion of the court was delivered by WELLS, Justice, HEYDENFELDT, Justice, concurring.

The first assignment of error is, that the evidence does not support the contract as laid in the complaint, and therefore, that the court erred in refusing to order a nonsuit.

The plaintiff in the court below waived the *tort* (if any had been committed), and brought his action against the defendants as factors, to account for goods sold by them, and to restore the amount of the net proceeds arising from the sale.    This he had a right to do, according to well-established principles of the common law, and it was competent for him to introduce evidence showing the manner in which the defendants became possessed of the goods ; and although the proof should establish the fact that the defendants became possessed of them wrongfully, it would still be sufficient to maintain an action against the defendants as consignees or factors for the net proceeds.

One of the objects sought by the reformation in the forms of

pleading was to provide for cases like the present. The distinctions in the form of actions *ex delicto* and *ex contractu* are abolished, and one form of action only substituted, and the plaintiff here has brought his action in the form prescribed by the code ; but the principles of law which govern the case remaining unchanged, he introduced testimony to maintain his action as he would have done under the common law system of practice in an action of assumpsit, based upon a similar state of facts ; and the court committed no error in refusing a nonsuit, either on the ground of variance or insufficiency of proof, to sustain the complaint.

But the plaintiff having elected to proceed against the defendants as factors, instead of *tort feasors*, he thereby ratified the act of his agents, Hugens Brothers, in transferring the merchandise and the bills of lading into the hands of the defendants, and the defendants, who were commission merchants, as shown by the complaint, must be considered as acting as the authorized consignees and commission merchants of the plaintiff, and entitled to the rights and benefits arising from this relation. It follows, that the plaintiff could only recover from the defendants the net proceeds arising from the sale and disposition of the merchandise; after deducting the necessary charges and disbursements, and the court erred in admitting proof of the value of the goods at the time of the demand and refusal to deliver.

The defendants are not charged with non-performance or negligence, nor with fraud in the sale, and no cause is shown why they were not entitled to commissions; the strict measure of damages, therefore, was the net proceeds after deducting the necessary charges, disbursements, and commissions, and the court erred in refusing to admit in evidence the books of defendants' firm to prove the account of the sale of the goods. It was not necessary, as is insisted upon, for the defendants, who were recognized by the plaintiff as factors, and prosecuted as such, to set forth in their answer those charges, disbursements, and commissions, either as new matter, or by way of set-off, to a claim for the net proceeds of the sale. And the court erred in charging the jury that it was for them exclusively to say, what amount the plaintiff was entitled to recover, or that the defen-

dants were liable for the value of the goods at the time of the demand and refusal. Therefore, in order that these errors may be corrected, the judgment of the court below is set aside, and a new trial ordered.

[This case was reheard, by order of the court, and the above opinion re-affirmed, December 5th, 1853.]