## CALDWELL *et al. v.* McDERMIT *et al.*

WHERE plaintiff offered in evidence his books of account, together with his own testimony in explanation of certain alterations and suspicious circumstances existing upon the face of the books : *Held,* that the testimony of plaintiff and the books were not admissible ; that such suspicious circumstances should be explained by disinterested testimony.

APPEAL from the Ninth District.

Suit by plaintiffs, Caldwell & Skidmore, against McDermit and D. M. and Wm. Davidson and Chas. D. Moore, to enforce a

mechanic's lien for $3,467.70 for work and labor and materials furnished for a mill of defendants, between June, 1854, and March, 1856; and also to settle a long mutual account alleged to exist between the parties, outside of the foregoing, for work and labor and materials, amounting to $2,095.60. Prayer for judgment for the first named sum, and a sale of the mill to pay it; and for judgment for whatever shall be found due on the account.

The answer denies any indebtedness or lien, and sets up as due defendants for work, labor and goods, $3,208.

The case was sent to a referee to take and report the evidence. On the trial before him, plaintiffs offered in evidence their books of account, together with the suppletory oath of plaintiff Caldwell, that the books are the books in which the accounts of the ordinary business transactions of plaintiffs were usually kept, and that the goods therein charged were actually sold and delivered to defendants, and the labor charged performed; and that the entries are original, and made at the time of the transactions, etc.; and that the debt is unpaid.

Defendants objected to the books because—first, they do not appear on inspection to be free from fraudulent practices; second, have numerous erasures and interlineations; third, the charges therein made are not in chronological order; fourth, the books do not appear on inspection to be the register of daily transactions with the entries made cotemporaneously with the alleged transactions therein noted; and further, because the books are not shown by the oath to be books of original entry, and because the oath is insufficient.

The referee ruled the books out, plaintiffs excepting.

When the cause came on for trial before the court, plaintiffs again offered the books, with the suppletory oath before stated, and the court refused to receive the books, on the grounds—first, that the account was not against defendants by name; second, that the books appeared to have been altered by inserting another name in what was before an individual account, and that this was not accounted for by proof; third, that the books show that the articles therein charged were not charged in chronological order. Plaintiffs excepted, and then offered Caldwell to explain the alteration in the books, and

the reason why the items are not all in chronological order—the explanation being that he made his entries, at the time the work was done, on a slate in journal form; that when his slate was full he copied it on to his book under the proper head and name, making the book in ledger form; that being an uneducated man and clumsy book-keeper, he sometimes copied the side of the slate last filled first, thereby inverting dates; that the account was opened against McDermit, the word " Davidson " having been afterwards added in red ink, making it McDermit & Davidson.

The court refused the explanation.

Judgment for defendants so far as the lien was concerned, and in favor of plaintiffs and against one of the Davidsons for $2,567. Plaintiffs appeal.

*Heydenfeldt*, for Appellants, cited *Ball* v. *Gates*, 12 Met. 491 ; *Corning* v. *Ashley*, 4 Denio, 354 ; *Le Franc* v. *Hewitt*, 7 Cal. 186 ; *Landis* v. *Turner*, 14 Id. 573.

BALDWIN, J. delivered the opinion of the Court—COPE, J. and FIELD, C. J. concurring.

The bill in this case was filed to enforce a mechanic's lien. The only point made is, that the court refused to permit the plaintiff to testify, as a witness, in explanation of the books of account of the plaintiffs, offered in evidence to prove the account. It seems the books bore marks of alteration, and were shown to be inaccurate in several respects. The court heard the explanation of the plaintiff, which does not seem to be very satisfactory. We think it was not bound to give the weight of proof to these books under the circumstances. This kind of evidence is very dangerous; and we think it would be going beyond the doctrine of the books to hold that it is entitled to any weight, when suspicious circumstances exist upon the face of the entries, and these circumstances are not explained by disinterested testimony. See all the cases collected in 1 Smith's Leading Cases, 362, and especially *Lynch* v. *McHugo*, 1 Bay. 33, and *Thayer* v. *Dean*, 2 Hill, (S. C.) 677. These last cases hold that irregularities, like those shown, are good cause for the rejection of the books.

Judgment affirmed.