82 163<br>119 662

[No. 12116. Department Two. — December 20, 1889.]

GEORGE E. WHITE, APPELLANT, *v.* W. F. WHITNEY, RESPONDENT.

APPEAL — REVIEW OF CONFLICTING EVIDENCE — SPECIAL VERDICT — FINDINGS. — When the evidence is conflicting, and there is sufficient evidence to sustain the special verdict of a jury, which was adopted by the court in its findings of fact, the verdict and findings will not be disturbed upon appeal.

EVIDENCE — ACCOUNT — TRADESMAN'S BOOK OF ORIGINAL ENTRIES. — A tradesman's shop-book of original entries is receivable in evidence as *prima facie* proof of an account in his favor, if supported by the tradesman's oath to its correctness, and if no objection appears to the manner in which the book was kept.

APPEAL from a judgment of the Superior Court of Mendocino County, and from an order denying a new trial.

The facts are stated in the opinion.

*J. M. Manson, T. L. Carothers,* and *Henley, Swift & Rigby,* for Appellant.

*C. C. Hamilton,* and *J. A. Cooper,* for Respondent.

GIBSON, C. — This was an action to foreclose a mortgage given to secure payment of a one-year note, dated November 3, 1880, for $450, with interest at the rate of one and one half per cent per month of thirty days, payable at maturity of note, and if not so paid, to become part of the principal and draw like interest.

The defendant, in his answer, in addition to a general denial, set up that he executed the note and mortgage solely in consideration of the promise of plaintiff to pay him the amount of the note; that plaintiff only paid him $250 of the amount, and refused to pay the remainder. And as a counterclaim he averred that plaintiff was indebted to him in the sum of $1,831.69 as a balance due on an account for goods, etc., money paid out to plaintiff's use, and for labor, all furnished, done, and performed at the request of plaintiff.

The case was tried by the court, without a jury, upon all the issues except one, which was submitted to a jury in the following stipulated form:—

"Is the plaintiff indebted to the defendant upon the counterclaim set up in defendant's answer; and if so, how much?" To which the jury responded: "Yes; one thousand dollars."

This special verdict was approved and adopted by the court as a finding upon the issue so framed; and upon the other issues it found that the defendant was indebted to the plaintiff, upon the note in suit, in the sum of $909.90, and the sum of $50 for counsel fees for foreclosing the mortgage; and that there was a balance due from plaintiff to defendant of $40.10. Judgment was entered accordingly; from which, and from an order denying a new trial, plaintiff appeals.

The following are the only errors assigned in the statement: 1. That the verdict is not sustained by the evidence; 2. That the admission in evidence of the shop-book of defendant in his own behalf was erroneous.

The evidence is brief. At the time the note and

mortgage were executed, the defendant testified that he received $250, and made the note for $450, because the plaintiff gave him a letter of credit to a firm at San Francisco for whatever amount of goods he, the defendant, might purchase. How much he purchased on this letter of credit does not appear. He also testified that subsequently "we had a settlement on the 5th of March, 1882, in which the note and mortgage were not considered, whereby a balance was found and agreed upon between myself and Mr. White, amounting to $1,004.57 in his favor up to that date." This account stated was by the tacit understanding of the parties not brought into the case for adjustment,—was, in fact, studiously avoided by both of them.

The defendant also testified that the total amount of items shown by his shop account for which plaintiff became indebted after the statement of account between them March 5, 1882, amounted to $1,303.09; that the other items for goods furnished, services rendered, and money expended to and for plaintiff aggregated $218.75; that he kept the debits of the plaintiff, but gave him no credit for anything received from him from the time of their former settlement; and that the amount found due to plaintiff in that settlement was not credited to plaintiff on his shop-books, nor deducted from the said sum of $1,303.09.

The testimony of one Davis shows that from March 27, 1882, to June 5, 1886, the plaintiff paid to him the sum of $854.88 for and on account of goods sold to the defendant, which plaintiff agreed with Davis to pay for in the event of defendant's default.

The plaintiff testified that defendant became indebted to him on account of other matters after March 6, 1882, viz.: A check for $320; a bundle of whips, $50; freight on leather, $3.35; twine, $1; rent of shop from March 5, 1882, for two years, at $10 per month, $240; 8½ yards of carpet, $6.37; and check on Hecht Brothers for $100, —

amounting in all to $720.72. On cross-examination, he testified that the $320 check was given to defendant for the purpose of paying plaintiff's indebtedness to one Norton, for which amount he gave defendant credit on his books. Deducting this $320 from $720.72 leaves $400.72, and adding to this remainder $46.77 for items as testified to by plaintiff's witness Rohrbough, it makes $447.49. Deducting this total from the indebtedness of plaintiff to defendant as above shown, and it still leaves $1,074.35 due to defendant. This result is reached by assuming the testimony of each of the several witnesses is entitled to equal weight, and is sufficient to show that there was ample evidence to justify the special verdict which was adopted by the court. Moreover, as there is a decided conflict between the plaintiff and defendant as to several items in their respective accounts, an additional reason is presented to prevent us from disturbing the verdict.

The second question raised by the appellant must also be resolved against him.

"In the United States a tradesman's book of original entries is in most jurisdictions received in evidence as *prima facie* proof, when supported by the tradesman's oath." (1 Wharton on Evidence, sec. 678; 1 Greenl. Ev., secs. 117, 118.)

This rule, although not expressly declared, has been sanctioned in the following cases in this state: *Lubert* v. *Chauviteau*, 3 Cal. 458; 58 Am. Dec. 415; *Le Franc* v. *Hewitt*, 7 Cal. 186; *Caldwell* v. *McDermit*, 17 Cal. 464; *Caulfield* v. *Sanders*, 17 Cal. 570; *Carroll* v. *Storck*, 57 Cal. 366. See also *Roche* v. *Ware*, 71 Cal. 375; Code Civ. Proc., sec. 1947. While in other cases such books have been regarded as secondary evidence. In *Landis* v. *Turner*, 14 Cal. 573, they were held to be competent evidence of services rendered, and of their value, and of specific material furnished and the price thereof; and in *Severance* v. *Lombardo*, 17 Cal. 57, to prove the delivery of goods, no higher evidence in either case having been attainable.

Regarding his shop-book, the defendant testified that it was his only book of original entries, and was kept by himself; that all the items were correct, and all constituting the shop account were entered at the time they were severally transacted, but some other outside accounts — what they were does not clearly appear — were put in at the close of the shop account. There was no objection to the manner in which the book was kept; it was therefore properly admitted in evidence to prove the shop account.

We therefore advise that the judgment and order be affirmed.

HAYNE, C., and BELCHER, C. C., concurred.

The COURT. — For the reasons given in the foregoing opinion, the judgment and order are affirmed.

Hearing in Bank denied.