[S. F. No. 595. Department One.—January 21, 1898.]

E. W. BUSHNELL, Respondent, v. A. M. SIMPSON, Appellant.

CORPORATIONS — SERVICES OF PRESIDENT — AMOUNT OF COMPENSATION — CONFLICTING EVIDENCE—APPEAL.—In an action involving a dispute as to the amount of compensation which the president of a corporation was entitled to receive for his services rendered to the corporation, a finding in favor of the amount claimed by him, based upon the terms of his original employment by the corporation, and upon his testi-

mony that those terms continued in force during his employment, cannot be disturbed upon appeal, upon the ground that his testimony was contradicted by evidence that he agreed with the principal stockholder to take less compensation.

ID.—ASSUMPTION OF DEBTS OF CORPORATION—EVIDENCE—PRIVATE BOOKS OF ACCOUNT OF PRESIDENT—BALANCE TO BE DEDUCTED FROM SALARY.—In an action by the president of a corporation to recover the balance of salary due him from the corporation against a defendant to whom the property of the corporation had been transferred, and who had assumed to pay its debts, where the plaintiff, after having introduced the records of the corporation to show the amount of salary agreed to be paid him, had testified that he had performed the duties of that office until the transfer was made to the defendant, that during that time he had paid out money for the corporation, and had purchased coal from it, and drawn money from it in various amounts, and that he had kept a book in which all accounts between him and the corporation were entered, including his salary as president, such book is admissible in evidence where the only objection made to it is that the books of the company are the proper books to be offered in evidence; and though it could have no weight in determining the amount of salary he was to receive under express contract with the corporation, yet it was proper and material to show the other items of account, and what balance was to be deducted from the salary due him.

ID.—HARMLESS RULING—CORPORATION BOOKS.—Where the corporation books were afterward introduced in evidence, and no disagreement was at any time pointed out between the private books of account of the president and those of the corporation, the reception of the books of account kept by the plaintiff cannot be said upon appeal to have caused the defendant any injury.

ID.— IMPROPER CROSS-EXAMINATION — ASSUMPTION OF FACTS NOT PROVEN.— Where the plaintiff was asked by the defendant upon cross-examination how it was that everybody went to the defendant to fix those salaries, and it appeared that it was not proper cross-examination, and it did not appear in evidence that any persons went to the defendant to fix their salaries, but the question assumed facts that did not appear, an objection to the question based upon each of those grounds is properly sustained.

ID.—COUNTERCLAIM—ACCOUNT STATED—FAILURE OF EVIDENCE—FINDING.— Where the real controversy between the parties was as to the amount of compensation which plaintiff was entitled to receive for his services, and there was no dispute as to the balance of other accounts to be deducted from the amount of salary to be received by him as president of the corporation, a finding in favor of the plaintiff for the amount claimed is a finding against a counterclaim upon an account stated between plaintiff and the corporation, and where there is no evidence that a final balance of account, including the salary, was stated between the corporation and the plaintiff, the counterclaim cannot be sustained.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco, and from an order denying a new trial. J. C. B. Hebbard, Judge.

It was shown on behalf of the plaintiff, that, prior to his election as president, the corporation had, by a resolution of its board of directors, fixed the compensation of the president at one hundred and fifty dollars per month, and that no change therein had been made by the corporation. Evidence was adduced for the defendant that when the plaintiff was elected there was an understanding between plaintiff and defendant, who was the principal stockholder of the corporation, that his salary was to be only one hundred dollars per month. The plaintiff denied this agreement. Further facts are stated in the opinion of the court.

Brewton A. Hayne, for Appellant.

George W. Schell, and J. J. Scrivner, for Respondent.

HARRISON, J.—The Renton Coal Company was organized as a corporation under the laws of this state in 1874, and carried on the business for which it was incorporated until January 20, 1894. At that date an agreement was entered into between it and the defendant herein by which the corporation assigned and transferred to the defendant certain real and personal property, and the defendant in consideration thereof assumed and agreed to pay all the indebtedness and obligations of the corporation then existing. The plaintiff was elected president of the corporation December 23, 1885, and continued to act as its president until it went out of business as above stated. The present action was brought to recover the amount claimed by him to be due for his services as such president. The cause was tried by the court without a jury and judgment rendered in his favor, from which and an order denying a new trial the defendant has appealed. The controversy between the parties centers chiefly upon the rate of compensation which the plaintiff was entitled to receive—the plaintiff claiming that he was entitled to one hundred and fifty dollars per month, and the defendant that his compensation was to be only one hundred dollars per month.

From its decision in favor of the plaintiff, it is manifest that the court found that he was entitled to one hundred and fifty dollars per month, and the brief on behalf of the appellant is directed chiefly to showing that this finding is contrary to the evidence.

Under this issue between the parties the finding of the court was upon conflicting evidence. The court was at liberty to give credit to all the statements of the plaintiff, and, if it accepted his testimony as correct, its finding cannot be disregarded, even though there was other testimony in contradiction thereof.

After the records of the corporation showing the amount of salary fixed for the president, and the election of the plaintiff to that office, had been introduced, the plaintiff offered himself as a witness, and testified that he had performed the duties of president from the time of such election until the time of the aforesaid agreement with the defendant; that during that time he had paid out money for the corporation, for which he had rendered it vouchers, and had also had personal transactions with it on his own account, and had purchased coal from it for his personal use, and drawn money from it at various times in different amounts. He also testified that he had kept a book in which these various items were entered, and in which he had also entered the charges for his services as president. The pages of the book, in which was kept this account showing these various charges and credits, were then offered in evidence, to which the defendant objected upon the ground that "the books of the company are the proper books to be offered in evidence in this case." The court overruled the objection and admitted the evidence, to which the defendant excepted.

At the time when parties to an action were not competent witnesses in their own behalf, their books of account were admitted in evidence upon a proper showing of the mode in which they had been kept, and were treated as original evidence of the matters for which they were introduced; but, since parties have been allowed to testify concerning all the facts for which the books were formerly offered, their testimony in reference thereto constitutes primary evidence of these facts, and the books of account become merely secondary or supplementary evidence. The books are not excluded as incompetent, but will be received,

either in corroboration of the testimony of the parties as entries made at the time, or upon the principles by which inferior evidence is received where the party is unable to produce evidence of a higher degree. (See *Roche v. Ware,* 71 Cal. 375; 60 Am. Rep. 539; *White v. Whitney,* 82 Cal. 163.) The defendant did not object to the introduction of the book on the ground that it had not been correctly kept, or that the book was not a shop book, or was not of a character which would render it admissible, or that it was only secondary evidence of the facts shown by it, or that the matters shown thereby did not tend to establish the plaintiff's claim, his only objection being that "the books of the company are the proper books to be offered in evidence in this case." The plaintiff's book could have no weight in determining the amount of salary which he was to receive, as his claim to this salary is based upon an express contract, and, although the time-book kept by a laborer is competent as evidence of the days upon which he has worked (*Mathes v. Robinson,* 8 Met. 269; 41 Am. Dec. 505), there was no dispute in the present case about the length of time that the plaintiff had served as president. The book, however, showed the items of the various credits for coal and money received by the plaintiff from the corporation, and was proper and material for the purpose of fixing the amount to be deducted from the salary claimed by him; and, as the appellant has not pointed out any particular in which this account in these respects varies from the account kept by the corporation, and which was afterward introduced in evidence, its reception by the court cannot be said to have caused him any injury.

While the plaintiff was on the stand he was asked by the defendant "Now, how is it that everybody went to Captain Simpson to fix these salaries?" This question was objected to by the plaintiff on the ground that it was not cross-examination, and upon the further ground that it did not appear that anybody went to Captain Simpson to fix their salaries, and that it was assuming facts that did not appear. The objection was sustained, and this ruling is assigned as error by the appellant. The ruling of the court was correct upon each of the objections to the question made by the plaintiff.

The defendant pleaded in his answer a counterclaim against

the plaintiff for the sum of six hundred and twenty-three dollars and sixty-three cents, upon an account stated between the plaintiff and the corporation, for goods sold and delivered and moneys paid by it to him, and by the corporation assigned to the defendant on the 20th of January, 1894. Upon this issue the court found in favor of the plaintiff.

The real controversy between the parties, as has been stated above, was the amount of salary to which the plaintiff is entitled, and the counterclaim of the appellant is the balance shown by the books of the corporation upon the basis of allowing the plaintiff a salary of only one hundred dollars a month. The finding of the court in favor of the amount claimed by the plaintiff necessitated its finding against this counterclaim. The evidence fails to support the appellant's claim that there was an account stated between the corporation and the plaintiff at that date, and the appellant has not contended in his brief that, if the plaintiff was entitled to one hundred and fifty dollars per month, there is any evidence in support of the counterclaim.

The judgment and order are affirmed.

Van Fleet, J., and Beatty, C. J., concurred.

Hearing in Bank denied.