[Civ. No. 4751. Third Appellate District.—December 22, 1933.]

KELLY-SPRINGFIELD TIRE COMPANY (a Corporation), Respondent, v. L. A. SISCHO, Appellant.

R. R. Sischo for Appellant.

G. P. Ross and F. M. Ostrander for Respondent.

PLUMMER, J.—The plaintiff had judgment in this action for the sum of $2,296.68, on account of merchandise sold and delivered by the plaintiff to the defendant. From this judgment and the order of the court denying a new trial, the defendant appeals. As no appeal lies from an order denying a new trial, the attempted appeal from such order is hereby dismissed.

The only question presented upon this appeal concerns four items of merchandise of the aggregate value of $518.24, alleged by the defendant never to have been received from the plaintiff; and the sufficiency of the testimony to support the plaintiff's claim in relation thereto, this latter being based upon alleged errors of the court in the admission of certain exhibits, over the objections of the defendant.

The transcript shows that at the opening of the trial the auditor and bookkeeper for the plaintiff not being present, it was stipulated by the parties that if the auditor or bookkeeper were present, such person would testify that the open book account was a true and correct account kept by the plaintiff of all the transactions between the plaintiff and defendant, and that it was kept in the ordinary course of business by such officer; that the book account and ledger

showed a balance due in favor of the plaintiff in the sum of $2,536.68.

The manager of the plaintiff being on the witness-stand, was then exhibited the open book account and ledger between the plaintiff and defendant, and testified as follows: "This is the ledger of the Kelly-Springfield Tire Company showing an open account and a correct account of all transactions between L. A. Sischo and the Kelly-Springfield Tire Company, from 1926, to and including the month of December, 1930; that the books, after having been balanced, and Sischo given credit for all that he was entitled to, showed a balance in favor of Kelly-Springfield Tire Company in the amount of $2,536.68; that demand had been made for payment on many occasions, but no payment had been made."

Thereupon, the defendant called a witness by the name of E. F. Crumrine, who testified that in the month of November, 1930, he audited the books belonging to the defendant Sischo, but found no record of four shipments aggregating in value the sum of $518.24, as follows, to wit: "January 7, 1930, charge $196.76; March 25, 1930, charge $36.44; March 27, 1930, charge $63.60; June 13, 1930, charge $221.44."

The defendant Sischo, called as a witness, testified that he had had three or four different bookkeepers; did a business of about $200,000 a year; that the business was divided into many departments and he had to depend upon his bookkeepers; that he could find no invoices or any records showing that the shipments had been received at his garage; that he did not believe he had received the same. Upon cross-examination the defendant testified that he did not write to the plaintiff concerning his discovery that he thought he had not received the shipments mentioned. Questioned as to why he did not, the defendant testified that he owed the plaintiff a considerable sum of money, and he thought that if he wrote to them about the charges, that they might proceed to bring suit against him, and that he was in no position to pay; that he did not discover anything concerning the missing shipments because of the failure of the bookkeepers to call such matters to his attention. He further testified that he doubted if the bookkeepers checked their invoices with the shipments; that he did not have time to

look after the business himself, and had to depend upon his bookkeepers.

██ James R. Bennyhof, general manager of the plaintiff, being recalled, testified that he had in his possession the original invoices which cover all the shipments disputed by the defendant, and which bore corresponding dates of the charges denied by him. These invoices were admitted in evidence over the objection of the defendant. No objection appears in the record as to the testimony of the witness, that he had the original invoices in his possession, nor was there any motion made to strike out such testimony. Such being the case, the admission of the invoices as exhibits, even though erroneous, was wholly immaterial.

It appears that the trial was thereupon continued until a later date. Upon its resumption the witness just mentioned testified further: "Since the date of the last trial I obtained from the office of the Kelly-Springfield Tire Company these memorandum order blanks (giving the numbers). These memorandum order blanks are the same shipments covered by the invoices, . . . the receipt of which are disputed by Sischo. I have here Uniform Bill of Lading bearing date of January 7, 1930, which was delivery in San Francisco by our Company to the Southern Pacific Company of certain tires and tubes mentioned in our memorandum order blanks. It was here admitted by counsel for defendant that one of these two invoices was missing from Mr. Sischo's files to-wit: No. 4496, but that No. 4497 was in his possession."

The witness also further testified: "I also have here memorandum order blank No. 5318, made out by the shipping clerk in our office March 24, 1930, showing certain tires shipped to Sischo's garage on that date, and shipping receipt showing that on March 25, 1930, certain tires and tubes were delivered by the Springfield Tire Company to the Southern Pacific Company in San Francisco, consisting of two bales of tires and one carton of tubes, which, I believe, is one of the shipments that we sent in March which is disputed by Mr. Sischo. I also have here memorandum order blank No. 5449, bearing date March 29, 1930, made out by the same clerk, which shows said tires and tubes made out to Sischo garage at Los Banos, I believe by parcels post, and I believe this is one of the shipments in March that Sischo says he did not receive. I also have memorandum order

blank No. 7008, dated June 10, 1930, and memorandum order blank No. 7030, dated June 11, 1930, with corresponding shipment receipts covering the same. I also have invoices corresponding to all of the above order blanks, covering tires and tubes bearing the date that they were shipped, and the numbers on the invoices were identical with the numbers on the orders which were claimed missing by Mr. Sischo.'' These exhibits were then admitted in evidence over the objection of the defendant. Here, again, the record shows that no objection was made to the testimony of the witness, nor was any motion made to strike out any portion of the witness' testimony, from which it follows that if the court erred in the admission of the exhibits, the error is immaterial.

█ Following this witness the plaintiff then called the station agent of the Southern Pacific Company located at Los Banos, who testified as follows: ''I have here the original freight bills bearing the following dates: January 8, 1930, showing delivery to C. L. Fought of Sischo's Garage of 4 bales of pneumatic rubber auto tires and 14 boxes of auto tire tubes; and another freight bill bearing date of March 28, 1930, showing delivery by our company to Oscar Tonolla of Sischo's Garage on April 2, 1930, of 2 bales of pneumatic tires wrapped and one carton rubber tires; and another freight bill bearing date of June 11, 1930, showing delivery by our company to Oscar Tonolla of Sischo's Garage on June 12, 1930, of one bale pneumatic rubber auto tires wrapped and one box auto tire tubes rubber; and also another freight bill bearing date of June 12, 1930, showing delivery by our company to Oscar Tonolla of Sischo's Garage, of 5 bales pneumatic auto tires, wrapped.'' That such records were the original records kept by the Southern Pacific Company and were all on file at the Los Banos station.

The plaintiff thereupon offered all of the freight bills referred to by the witness, and the same were admitted in evidence over the objection of the defendant. No objection was made to the testimony of the witness, and no motion to strike out any portion of his testimony appears in the record. In view of this fact the admission of the original records as exhibits could not affect the case in any particular. However, considering section 353 of the Civil Code, we

think the exhibits referred to being original records required to be kept under the section were admissible in evidence. These records do not stand on the same footing as private records, but are records of third parties showing transactions between the plaintiff and the defendant, which, by the section, we think became admissible. This question was presented to the court and considered in the case of *Hurwitz* v. *Gross*, 5 Cal. App. 614 [91 Pac. 109, 111], where it was said: ''We think, however, that a different rule should be applied to the books here under consideration from that which is applied to the books of a party to the litigation producing them to serve his own purposes and aid his own claim. The exhibits here admitted are the records of the business transactions of a corporation, required by law to be kept by all corporations for profit (citing Civ. Code, sec. 377, which section is now numbered 353). They constitute the memoranda of the transactions of the corporations. Having been produced as the regularly kept and original books of the corporation, identified as such by their proper custodians, they are admissible in evidence.''

The case of *San Francisco Teaming Co.* v. *Gray*, 11 Cal. App. 314 [104 Pac. 999], relied upon by the appellant, is readily distinguishable from the case at bar. The case involved memoranda made up by one of the parties on oral statements of a teamster, and not, as here, original records required kept by law, showing transactions between parties having dealings with a public corporation.

Again, the transcript shows that the defendant, after receiving a statement of his account with the plaintiff, from the plaintiff, remained silent for a number of months. This fact constituted a circumstance which the court was entitled to take into consideration in weighing the testimony of the defendant and the excuse offered by him.

In the case of *Crane* v. *Stansbury*, 173 Cal. 631 [161 Pac. 7], a case where the defendant had remained silent after receiving a statement of an account for a number of months, the court instructed the jury that unless satisfactorily explained, a failure to object within a period of six months constituted such unreasonable delay as would justify the jury in concluding that the account presented had become a stated account. This instruction was upheld upon appeal.

To the same effect is the text in 1 C. J., page 691, section 276.

Irrespective of whether the court considered the defendant's delay and his explanation thereof such as to constitute the account a stated account, what we have set forth shows that the judgment should be affirmed. And it is so ordered.

Pullen, P. J., and Thompson, J., concurred.