[Civ. No. 7787.   Third Dist.   Oct. 25, 1950.]

AUBREY O. BUTLER, Appellant, v. JOSEPH SEQUEIRA
et al., Respondents.

Ira S. Solomon and James A. Himmel for Appellant.

Neumiller, Ditz, Beardslee & Sheppard, and Mark Joseph
for Respondents.

PEEK, J.—This is an appeal from a judgment made after sustaining the demurrers [with leave to amend] of defendants Clyde Owens and Lloyds of London, and from the order granting the motion of defendant Sequeira to strike from the complaint all reference to Lloyds of London.

The essential allegations of plaintiff's complaint, which is one for personal injuries, are that defendant Lloyds of London is a foreign unincorporated association authorized to do business under the laws and by the Insurance Commissioner of this state; that defendant Sequeira and certain fictitious persons are doing business as a taxi company and common carrier of persons for hire in the city of Modesto under the name of "Joe's Taxi Co.", pursuant to Municipal Ordinance No. 753 N.S. of said city; that at all times mentioned in said complaint defendant Owens was a driver for said taxi company, acting within the scope of his employment; that on January 4, 1949, in said city, plaintiff, as a passenger for hire, engaged the services of said taxi company, and while as such a passenger the defendant Owens, who was the driver of the taxi, "for no reason attacked, assaulted, struck and beat plaintiff on the head and about his body, jerked plaintiff out of said taxicab and struck and mistreated plaintiff, causing plaintiff to receive and suffer injuries to his head and body, and to suffer severe physical pain, shock, and shock to his nervous system, all to plaintiff's damage in the sum of Ten Thousand ($10,000.00) Dollars."; that as a direct and proximate result of the alleged assault, "plaintiff was caused to lose his wages and earnings as a mechanic in the sum of One Hundred ($100.00) Dollars per week, and will continue to suffer as a result thereof loss of employment for some time in the future"; that also as a further direct and proximate result thereof the plaintiff suffered various enumerated medical expenses; that defendant Lloyds of London was joined as a party defendant for the reason that pursuant to said municipal ordinance said defendant executed and delivered to the defendant Joe's Taxi Co., a policy of insurance, by the terms of which said defendant insurance company assumed responsibility for injuries to persons caused by the operation of defendants' taxicabs as a prerequisite to the issuance by the city auditor of the said city of Modesto of a permit to operate its said taxicabs on and along the streets, highway and roads of said city, and that at all times herein mentioned said insurance policy was in full force and effect.

Defendant Owens demurred generally and specifically upon

the grounds that said complaint was uncertain in that it could not be ascertained therefrom how and in what manner said defendant mistreated the plaintiff or in what manner and in what respect he was injured or damaged in the sum alleged and that the alleged injuries to plaintiff could not be ascertained nor could it be ascertained in what manner he was caused to lose wages as alleged. Said defendant further attacked the complaint on the grounds of ambiguity and unintelligibility. Defendant Lloyds of London likewise demurred generally and specifically upon the grounds that the court had neither jurisdiction of the persons nor of the subject matter of the action insofar as said defendant was concerned. Defendant Sequeira moved to strike from plaintiff's complaint all reference to Lloyds of London and to the particular municipal ordinance referred to upon the ground that said allegations were irrelevant and redundant and upon the further ground that such allegations would tend to influence a verdict by prejudice and sympathy. In addition Sequeira demurred generally to the complaint. The trial court, by a minute order dated April 14, 1949, ordered ''that the demurrers of Lloyds of London and Clyde Owens be sustained, with leave to amend within ten days after legal notice; that the motion to strike be granted; that the demurrer of Sequeira be overruled, with leave to answer within ten days after legal notice.''

The order of the trial court does not specify as between the general and special demurrers of the defendants Lloyds of London and Owens. Approximately one month thereafter, on motion by plaintiff, judgment on the demurrers was entered in favor of defendants Lloyds of London and Owens.

We turn first to the demurrers of defendant Owens. There can be no question, and it is admitted by said defendant, that the complaint as to him states a cause of action and is good as against a general demurrer. The only debatable issue raised by said defendant is that which is contained in his special demurrer.

It is the well established rule that a special ''demurrer should not be sustained where the allegations of the complaint are sufficiently clear to apprise the defendant of the issues which he is to meet. (*Jacobson* v. *Oakland Meat & Packing Co.*, 161 Cal. 425, 433 [119 P. 653, Ann.Cas. 1913B 1194]; *Jones* v. *Iverson*, 131 Cal. 101, 104 [63 P. 135]; *Hurwitz* v. *Gross*, 5 Cal.App. 614, 617 [91 P. 109]; 21 Cal.Jur. 102.)

A special demurrer for uncertainty is not intended to reach the failure to incorporate sufficient facts in the pleading,

but is directed at the uncertainty existing in the allegations actually made. (*Callahan* v. *Broderick*, 124 Cal. 80, 83 [56 P.2d 782]; *Brea* v. *McGlashan*, 3 Cal.App.2d 454 [39 P.2d 877]; *Smith* v. *Hollander*, 85 Cal.App. 535, 542 [259 P. 958]; *Butler* v. *Wyman*, 128 Cal.App. 736 [18 P.2d 354].)'' (*People* v. *Lim*, 18 Cal.2d 872, 882-3 [118 P.2d 472].)

■ Applying the rule as stated to the record before us we cannot say there is any uncertainty as to what the plaintiff meant by the allegations previously quoted, that is, that without provocation he was attacked and beaten by the defendant Owens, causing him to suffer injuries to his head and body and severe physical pain. It would seem somewhat absurd to compel a plaintiff in such a situation to render a blow by blow account of the assault and to indicate with medical certainty the exact injuries suffered to his head and body. For the same reason it cannot be said that the allegations are ambiguous or unintelligible. Additionally it may be observed that it is the statutory rule that pleadings *must* be liberally construed with a view to ''substantial justice between the parties''; in other words, to dispose of matters on their merits and not upon mere technicalities.

■ Appellant's contention as regards the joinder of Lloyds of London as a party defendant is predicated upon the rule as enunciated in the recent case of *Grier* v. *Ferrant*, 62 Cal.App. 2d 306, 314 [144 P.2d 631], wherein it is stated that the ''insurance carrier may be joined as a party defendant whenever the policy itself or the municipal ordinance, in compliance with which the policy is issued, provides that the policy should inure to the benefit of the public (*Fraher* v. *Eisenmann*, 94 Cal.App. 48, 51, 52 [270 P. 704], and cases therein cited).''

Defendants Lloyds of London and Sequeira concede that the ordinance of the city of Modesto gives plaintiff the right to join the insurance company in a proper case, but they contend, this is not a proper case ''for the reason that the policy under consideration with the ordinance as incorporated therein . . . does not inure to the benefit of the public where an assault and battery is involved.'' The ordinance, they say further, ''is written so as to apply to the ordinary automobile accident situation.'' Thus they argue that since Lloyds of London only assumed responsibility for injuries to persons caused by the operation of the taxicabs by the defendant taxi company, and since Owens could not have been operating his cab when he jerked plaintiff therefrom and assaulted him that there-

fore the alleged acts do not come within the provisions of said policy.

We are not particularly impressed with the three cases from other jurisdictions cited and relied upon by said respondents. Rather we are convinced that the conclusion reached by the district court in *Connell* v. *Clark*, 88 Cal.App.2d 941 [200 P.2d 26], where the precise question was raised, should be applied likewise to the situation presented in the instant case. There the court in disposing of the contention that a policy covering damages to persons or property arising out of the "conduct of the business of a taxicab operator" did not cover injuries received by a passenger as the result of an assault by the driver, stated:

"The contention of the insurance company that the ordinance has reference only to injuries resulting from traffic accidents is fallacious. While it may be true that the most common loss or damage resulting from the operation of a taxicab is that occasioned by traffic accidents, the ordinance specifically requires insurance against any loss or damage that may result from the operation of any taxicab. That the damage in question resulted from the operation of a taxicab is too patent to be susceptible to argument. Plaintiff was a passenger for hire and did not cease to be one when he was dragged out of the cab by the driver."

We are unconvinced that the import of the language "conduct of the business of a taxicab operator" is so different from the words chosen by respondents "operation of taxicabs" as to warrant a recovery against an insurer in the first but would deny a recovery in the second. It would seem that the contentions of the insurer herein are just as fallacious in the present case as were those of the insurer in the Connell case.

By reason of the fact that no discussion is made by any of the parties relative to the demurrer of defendant Lloyds of London upon the ground of lack of jurisdiction of the persons or of the subject matter it becomes unnecessary to discuss these issues as raised by the pleadings.

Respondents' argument in support of the order of the trial court granting the motion of defendant Sequeira to strike all reference to Lloyds of London and all mention of the particular municipal ordinance under which the taxi company was operating is merely that if the demurrer was properly sustained then the motion to strike was likewise properly granted. However, as we are convinced to the contrary, that is, that defendants' demurrers were improperly sustained by the same

reasoning it necessarily follows that the motion to strike was improperly granted. This must be so since any other conclusion under the circumstances would result in an obvious anomaly.

The judgment and the order are reversed.

Adams, P. J., and Van Dyke, J., concurred.