SEVERANCE & SMITH v. LOMBARDO et als.

Books of account kept by a party are not competent evidence, in an action for goods sold and delivered, to prove a copartnership between defendant L. and the other defendants, to whom certain lumber had been sold—L. not having dealt directly with plaintiffs.

Such books are competent evidence to prove delivery of goods to the party dealing directly, when the nature of the subject does not admit of better evidence.

APPEAL from the Fifth District.

The complaint is a simple count for lumber sold and delivered by plaintiffs to Lombardo, Kershaw, Ralto, and others, whose names are unknown—without any allegation of partnership between defendants.

Lombardo filed a general denial; Kershaw made default; Ralto answered, that at the time the lumber was furnished he had no business connection with the other defendants, and was not, therefore, a proper party defendant; and the other defendants were not served.

It seems the lumber was furnished certain parties who were working a mining claim at Stevens' Bar, Tuolumne county; and from the testimony of a witness, that defendant Lombardo lived at Cherokee, and had a quartz mill there—some twenty miles from Stevens' Bar; and once had an interest in the claim at the bar, but had sold out. Another witness said he understood there were twenty-one in the claim; that he had seen Ralto working on it, but never saw Lombardo there. This was about all the evidence material to the point in this Court, except the plaintiffs' books of account, which

were introduced by plaintiffs, as tending to show a copartnership between Lombardo and the other defendants.

The case was tried by the Court, and judgment rendered against Lombardo and Kershaw, and in favor of Ralto. Lombardo appeals.

*L. Quint*, for Appellant, cited 1 Greenl. Ev. sec. 117, and note.

*Wolcott & Greenwood*, for Respondents.

BALDWIN, J. delivered the opinion of the Court—COPE, J. concurring.

The Court erred in admitting the plaintiffs' books to prove a copartnership of the defendant Lombardo with the other defendants sued, or with others to whom certain lumber (for the price of which the suit was brought) was sold. The books are held competent evidence to prove the delivery of goods therein charged, when the nature of the subject is such as not to render better evidence attainable. (Greenl. Ev. 117 and note 3.) The reason of the rule supposes the fact of which an entry is made to be peculiarly within the knowledge of the party, and the entry to be admissible where it was evidently contemporaneous with the fact and part of the *res gestæ*. The main transaction thus illustrated is the delivery of the goods. It would seem that the reason of this rule would not permit a party, merely by his own act, to charge one not directly dealing with him, by the simple process of transcribing his name in a private book of accounts, as a partner with some one else so dealing.

Judgment reversed and cause remanded.