## Jacob P. Schnellbacher et al. v. The Frank McLaughlin Plumbing Co.

1. EVIDENCE—*What Account Books Are Admissible.*—Entries in a book made by a bookkeeper who had no personal knowledge of the correctness of any of the items, but who copies them from time-books kept by numerous laborers and from other like sources, some of the entries not being made until long after the transaction to which they relate, are not admissible as an account book.

2. INSTRUCTIONS—*Ignoring Matter Relied upon as a Defense, Erroneous.*—An instruction which entirely ignores the question of a special contract relied upon as a defense, and tells the jury that the plaintiff was entitled to recover upon a *quantum meruit*, which was one of the controverted questions in the case, is erroneous.

3. SAME—*As to Weight to be Given to Matter Offered in Evidence.*—An instruction to the jury that in determining what weight, if any, is to be given to any book of account or memoranda of account offered in evidence, the jury should consider every fact and circumstance in evidence showing the fairness or unfairness of the account or memoranda, etc., is erroneous. Only such books of account should have been considered by the jury as were admitted in evidence, not those which were merely offered.

4. SAME—*Having No Application to the Facts in the Case, Erroneous.*—An instruction which, though it correctly states an abstract proposition of law, has no application to the facts in the case, should be refused.

Assumpsit.—Appeal from the Circuit Court of Peoria County; the Hon. THEODORE N. GREEN, Judge presiding. Heard in this court at the October term, 1902. Reversed and remanded. Opinion filed January 27, 1903. Rehearing denied April 21, 1903.

JACK & TICHENOR, attorneys for appellants.

SHEEN & MILLER, attorneys for appellee.

MR. PRESIDING JUSTICE BROWN delivered the opinion of the court.

This case is before us a second time. The former opinion is reported in 85 Ill. App. 158. Appellee brought suit against appellants to recover an alleged balance of $1,810.12, as shown by the affidavit of merit accompanying the declaration, for plumbing and gas and steam fitting in remodel-

ing the Prochazka Hotel in Peoria, Illinois. The first trial resulted in a judgment for $1,200. Upon a retrial there was a judgment for $1,800, from which the present appeal was prosecuted. As we said in our former opinion, there was a sharp conflict in the evidence as to the terms upon which the work was performed and materials furnished. The contention of appellants is that appellee contracted to do the work, and furnish the materials for the necessary plumbing work, in remodeling the hotel, for the sum of $3,175, less an allowance or deduction therefrom for old material in the building, which could be used again, the amount of such deduction to be determined as the work progressed. Also, that there was to be a further reduction on account of cheaper fixtures being used than those bid upon, it being claimed by appellants that such deduction or difference in the cost of fixtures was agreed upon between the parties soon after the contract was let to appellee.

On the other hand, appellee insists that it did the work and furnished the materials under a *quantum meruit*. It also claims to have made various changes and alterations in the work differing from the original plan, and that these changes were made under the direction of Jobst, a contractor, who did the carpenter work; that under the arrangements between appellants and Jobst, the latter was superintendent of the building, and that his orders were binding upon appellants. But appellants contend that Reeves, the architect, was the superintendent of the building, and the only one whose orders were binding upon them.

We are inclined to hold that the evidence was sufficient to justify the jury in believing that Jobst was the representative and agent of appellants, and that his acts in ordering changes from the original plans were binding upon them. While the proof is not as satisfactory as it might be, we do not feel justified in disturbing the apparent finding of two juries, approved by two trial judges, that the contract was to furnish the material and perform the labor upon a *quantum meruit*.

Accompanying the declaration is an itemized statement

of appellee's claim. It does not appear to have been filed under any rule of court, but is referred to and treated by both parties and the trial judge as a bill of particulars. It consists of twenty-five pages, closely typewritten. It includes more than fifteen hundred separate items, and covers a period of time extending over practically every working day from April 12th to August 3, 1897.

Appellee offered in evidence a book called the journal. It is contended that it is a book of original entries, and under the proofs made should have been admitted in evidence. The court sustained an objection to it. The entries in the book were made by a bookkeeper who had no personal knowledge of the correctness of any of the items. The information from which the journal entries were made was derived from time-books kept by numerous laborers themselves, time-books kept by McQuellon and McLaughlin, stubs from order books for material, bills from various firms for goods sold appellee, directions given the bookkeeper by an attorney for appellee, who confessed he had no knowledge of the items he was causing to be charged against appellants, and from other sources. There was no attempt to prove by the laborers, who kept a part of the books from which the journal was made up, that their books were correct, nor are these books in the record. Some of the entries were not made in the journal till long after the transactions to which they relate. If we determine that the journal was admissible in evidence, it must be from the testimony of Eva McLaughlin, the bookkeeper, Frank W. McLaughlin, her father, or Thomas McQuellon, the foreman. Eva McLaughlin expressly disclaims any personal knowledge of the correctness of the journal. She testified that the plumber's books which were used in making the journal contained entries of the time each plumber claimed to have worked and the material used by him each day. Whether correct or not she did not know, but she transcribed these several entries into the journal. She also testified that of the material used on this job some went from the shop and some from where it was purchased directly to the hotel. McLaughlin, while being interrogated

with reference to the journal and the material there charged, was asked: "But in the main you have no independent recollection of this material concerning which you are testifying, have you?" He answered: "Only when I look over these items, it brings back to my memory they went from the shop. For instance, there would be certain loads of material I would not see go from the shop at all, but at other times I would be there, and I would help put the material on the wagon; and I can remember those cases when I see them here." McQuellon testified that while he kept the time of the plumbers and gasfitters who worked on the job from a certain date, that he kept no account of the time of the helpers or laborers employed there; that the account of material kept by him had been lost. He testifies that independent of the journal or the bill of particulars which is a practical copy thereof, he was unable to state with any degree of certainty the amount of labor or material furnished by appellee which entered into the building. We hold that the proper foundation was not laid for the introduction of the journal in evidence.

Notwithstanding the court refused to admit the journal in evidence, McLaughlin was permitted to go upon the stand and read page after page of it to the jury, and then state that using it as a memorandum to refresh his memory he knew of his own personal knowledge the entries referred to were correct. This course of examination was pursued over the objection of appellants, who also moved the court to strike out testimony of the witness based upon the journal. The court denied the motion. The witness admitted that independent of his reference to, and use of, the journal he would be unable to testify to the greater part of the items sworn to by him. While the court sustained the objection to the introduction of the journal in evidence, the course pursued gave appellee all the practical benefit it could have derived from an introduction of the book in evidence. So far as the jury was concerned, the book was by indirection, practically admitted. This was improper and highly prejudicial to the rights of the appellants. Practically the same course was pursued in the

examination of McQuellon with reference to the bill of particulars, which was a virtual transcript of the journal. Independent of the journal as evidence the record fails to show that appellee has established a claim for the amount of the judgment recovered.

At the instance of the appellee the court gave the jury the following instruction:

"The jury are instructed that the law does not compel a contractor, or other person furnishing labor or materials, to keep a book account thereof, and such labor and materials may be sued for and recovered upon on sufficient proof, whether any account of it has been kept or not; and the question of whether proof offered to the jury of such matters is or is not sufficient, is one of fact for the jury to decide from all the evidence, oral or documentary, produced upon such question; and if the jury believe from all such evidence that the greater weight of it shows the items of labor or material to have been furnished in the account sued for, and the value thereof, that the same was due when sued for, and not paid or in any way settled, this will entitle the party claiming the same to recover, whether proper books of accounts have, or have not, been kept."

The instruction entirely ignores the question of a special contract relied upon as a defense in this case. The jury were at liberty, under this instruction, to find for the appellee upon proof that the items of labor and material mentioned in the bill of particulars were furnished and were worth the price charged, independent of the question of whether appellee was bound by a contract to do the work and furnish the labor for a specified sum. It, in effect, told the jury appellee was entitled to recover upon a *quantum meruit*, which was one of the controverted questions in the case.

The court also, at the instance of appellee, gave the jury the following instruction:

"The jury are instructed that in determining what weight, if any, is to be given to any book of account or memoranda of account offered in evidence, the jury should consider every fact and circumstance in evidence showing the fairness or unfairness of the account or memoranda, and the manner in which it was kept or made, and give the same

such weight, if any, as its force, in convincing the jury of its truth or falsity, may thus have of the matters therein contained."

Only such books of account should have been considered by the jury as were admitted in evidence—not those which were simply offered. The journal was not admitted, but was offered in evidence. Under this instruction the jury might, considering the peculiar circumstances attending the offer and use of the journal by McLaughlin while on the witness stand, have believed that they were to consider it as evidence.

The court, at the instance of appellee, also gave the following instruction :

" The jury are instructed that if they believe from the greater weight of the evidence, that at the time of the commencement of this suit there was money due from defendants to plaintiff, and that the same has been withheld from the plaintiff by unreasonable and vexatious delay of payment, then the plaintiff, under the law, is entitled to five per centum per year interest on the sum so due and unreasonably and vexatiously withheld during such time as the jury may believe from the evidence that the same was so withheld by the defendants from the plaintiff."

While the instruction correctly states an abstract proposition of law, it has no application to the facts in this case and should have been refused. There is no evidence in the record from which the jury would be justified in believing that appellants were guilty of unreasonable and vexatious delay of payment. The statute was not intended to impose a penalty upon litigants for interposing what they believe to be an honest defense to an unjust claim. What we have said with reference to the last instruction is equivalent to saying that appellant's first refused instruction should have been given. All that was proper in appellant's second, third and fourth refused instructions was included in their eighth and ninth given instructions.

What we have said in this opinion disposes of the cross-errors assigned.

For the reasons indicated, the judgment of the Circuit Court will be reversed and the cause remanded.