[Civ. No. 1154.   First Appellate District.—February 27, 1913.]

## E. S. CHANDLER, Respondent, v. THOMAS W. ROBINETT, Appellant.

EVIDENCE—BOOKS OF ACCOUNT—INDEFINITE ENTRIES.—In an action to recover a balance due upon an open book account for lumber sold to the defendant by the plaintiff's assignor, an account, consisting of two pages and containing debit charges, is not admissible in evidence, if there is nothing in the account to show what the charges were for and no witness is examined who has any personal knowledge of the transactions culminating in the various debit entries.   Such entries are purely hearsay.

ID.—ENTRIES MUST SHOW WHAT ARTICLES WERE BASIS OF CHARGE.— The entries must be of such a character as to show to a reasonable certainty what articles or things are the basis of the charge.

ID.—ENTRIES MUST BE SPECIFIC AND CERTAIN.—Charges in a book account, to be admissible in evidence, must be specific and certain.   An entry of "Bal. 357.46" is a violation of this rule.

ID.—ENTRIES MUST BE CONTEMPORANEOUS WITH TRANSACTION.—An entry in a book account, to be admissible, must be contemporaneous

with the transaction to which it relates. A debit entry to "Bal. 357.46" violates this rule.

Id.—Indefinite Entries—Curing by Other Testimony.—If entries are defective in these respects, the testimony of a witness that the account was "a true and correct account of the transaction" does not help the matter, if he has no personal knowledge of the transactions, and the entries in the account are so meager as not to be a sufficient account of any transaction.

Id.—Account Stated—What Constitutes and Effect Thereof as Evidence.—If a statement of an account is admitted to be true by the debtor, or is not disputed within a reasonable time, it becomes an account stated; and the facts establishing an account stated may be proved as an admission of the correctness of the open book account, and thus lay a foundation for the introduction of the account against the debtor.

Id.—Proof of Assignment—Signatures—Abbreviations.—An assignment to the plaintiff from "Matthew Harris" is sufficiently proved by a written assignment signed by "M. Harris" which signature is proved to be the signature of "Matt. A. Harris." "Matt." is an abbreviation for "Matthew."

Id.—Sale by Corporation—How May Be Proved.—To prove a sale by a corporation, it should be shown that the sale was made upon behalf of the corporation by some one who has authority to so act for it.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order refusing a new trial. Frank J. Murasky, Judge.

The facts are stated in the opinion of the court.

W. C. Cavitt, for Appellant.

R. H. McGowan, and Chas. S. Peery, for Respondent.

HALL, J.—Plaintiff recovered judgment against defendant for the sum of $1,035.38, and in due time defendant appealed from the judgment, and also from the order denying his motion for a new trial. Both appeals are before this court upon one transcript.

The action was brought to recover an alleged indebtedness to the McCloud River Lumber Company, a corporation, in the sum of $1,035.38 as a balance due and unpaid upon an open book account for lumber sold and delivered to defendant by said corporation.

It was alleged that the said corporation, prior to the commencement of this action, sold, assigned, and transferred said account and obligation to one Matthew Harris, and that he, subsequently and before the commencement of this action, sold and assigned said account to plaintiff.

The complaint was unverified, and the defendant pleaded a general denial, and also specifically denied each allegation of the complaint. The case was tried before a jury.

Plaintiff called one J. H. Williams, who testified that he was an accountant and was employed by the McCloud River Company at the time said company had some transactions with defendant. Counsel for plaintiff then asked this question: "Q. Have you the book in which you made the entry?" The witness answered, "I have the cards of the entry." Counsel for plaintiff then asked: "You have the cards; you have the card system of books?" and the witness answered "Yes." Counsel then said: "I show you a copy of the bill of particulars. What does your account there show as to the amount of lumber sent—that is, the amount in value and the payments?" This was objected to by the defendant and the objection overruled, but the question was not answered. Thereupon counsel for plaintiff said, "We offer in evidence the account of Thomas Robinett with the McCloud River Lumber Company, consisting of two pages, and ask that they be marked, fastened together and marked 'Plaintiff's Exhibit A.'" To this counsel for defendant objected upon the ground "that it is incompetent, irrelevant, and immaterial, not showing part of what account or what book it is, or whether it is a book belonging to the corporation or any other persons interested in this suit, that it is not identified; that there has been no foundation laid for it, and that it is hearsay testimony and no part of the *res gestae.*"

The objection was overruled, defendant excepting, and the account was introduced in evidence, and marked "Plaintiff's Exhibit A."

The account, as it is set forth in the record, consists of 96 debit charges commencing January 1, 1905, and ending April 13, 1906, and aggregating the sum of $1,735.38. There are credits to the amount of $700, leaving a balance of $1,035.38 on the debit side of the account, for which sum the jury rendered a verdict for plaintiff.

There is nothing upon the account to show what the debit charges were for. In the first column are dates. In the next, under the word folio are numbers, probably representing the pages of some book of original entry, and in the next column, under the word "debits" are numbers presumably representing dollars and cents. The first charge is simply to "Bal." 357.46, and, of course, is but a summation of some previous entries. There is not one word in the evidence to show that the witness had any personal knowledge of any of the transactions culminating in the various debit entries, and no witness was examined who did have such knowledge. Such entries are purely hearsay, and unless proved by other competent evidence to be correct, are not admissible in evidence. (*San Francisco Teaming Co.* v. Gray, 11 Cal. App. 314, [104 Pac. 999]; *Chaffee* v. *United States,* 18 Wall. 516, [21 L. Ed. 908]; *Connecticut Mut. Life Ins. Co.* v. *Schwenk,* 94 U. S. 593, [24 L. Ed. 294]; *Schnellbacker* v. *Frank McLaughlin Plumbing Co.,* 108 Ill. App. 486; *Dodge* v. *Morrow,* 14 Ind. App. 534, [41 N. E. 967, 43 N. E. 153]; *Carlton* v. *Carey,* 83 Minn. 232, [86 N. W. 85]; *New Jersey Zinc Co.* v. *Lehigh Zinc Co.,* 59 N. J. L. 189, [35 Atl. 915]; *Dykman* v. *Northbridge,* 80 Hun, 258, [30 N. Y. Supp. 164]; *Chicago Lumbering Co.* v. *Hewitt,* 64 Fed. 314, [12 C. C. A. 129]; *Gould* v. *Conway,* 59 Barb. (N. Y.) 355.)

The entries must be of such a character as to show to a reasonable certainty what articles or things are the basis of the charge. (*Baldridge* v. *Penland,* 68 Tex. 441, [4 S. W. 565].)

There is not a word in the account admitted in evidence to show for what the charges were made, and no effort was made to supply the defect by other proof.

Charges must be specific, and lumping accounts are inadmissible. (*Williams v. Abercrombie,* 1 Dud. (Ga.) 252; *Earle* v. *Sawyer,* 6 Cush. (Mass.) 142; *Henshaw* v. *Davis,* 5 Cush. (Mass.) 145; *McKnight* v. *Newell,* 207 Pa. St. 562, [57 Atl. 39]; *Cargill* v. *Atwood,* 18 R. I. 303, [27 Atl. 214]; *Lance* v. *McKenzie,* 2 Bailey, (S. C.) 449.)

The first entry of "Bal. 357.46" was a gross violation of this rule. (*Buckner* v. *Meredith,* 1 Brewst. (Pa.) 306.)

It was also a violation of the rule that the entry must be contemporaneous with the transaction to which it relates and part of the *res gestae.* (*Severance* v. *Lombardo,* 17 Cal. 57.)

The court erred in admitting the account in evidence over the objection of defendant.

The fact that the witness testified (also over the objection of defendant) that the account was "a true and correct account of the transaction" does not help the matter. He had no personal knowledge of the transactions, and the entries in the account were so meager as not to be a sufficient account of any transaction.

It is undobutedly true (as is pointed out in *San Francisco Teaming Co.* v. *Gray,* 11 Cal. App. 314, [104 Pac. 999]), that it is frequently quite difficult to supply evidence as to the items of an account covering many transactions. Most merchants, however, render statements of account at frequent intervals to their customers. If such an account is admitted to be true by the debtor, or is not disputed within a reasonable time, it becomes an account stated. The facts establishing an account stated may be proved as an admission of the correctness of the open book account, and thus lay a foundation for the introduction of the account against the debtor. In the record before us, one witness, McGowan, did, after the ruling complained of, testify that he presented defendant with "an itemized bill of the whole account, a similar bill to what is here," and that he never disputed the bill in any way. His testimony, however, does not measure up to the requirement of showing that the account he delivered was a copy of the account admitted in evidence; indeed he testified that it was not, and he did not testify at all to the balance shown by such account. His testimony falls short of curing the error in admitting the account in evidence.

Appellant also contends that the evidence to support the allegation as to the assignments is insufficient.

A written assignment to plaintiff signed "M. Harris" was produced by plaintiff, and the signature of "M. Harris" was proved to be the signature of "Matt. A. Harris." "Matt." is manifestly an abbreviation for Matthew, and the evidence sufficiently shows an assignment to plaintiff from Matthew Harris.

Testimony was also given that the corporation "sold" its accounts to Matthew A. Harris. The witness did not testify as to who represented the corporation in such sale, nor when it occurred.

21 Cal. App.—22.

The court permitted the witnesses to testify as to the ultimate fact, and such evidence probably involved conclusions of the witnesses both as to fact and law. To properly prove a sale by a corporation it should be shown that the sale was made upon behalf of the corporation by some one who had authority to so act for the corporation. (*Read* v. *Buffum*, 79 Cal. 77, [12 Am. St. Rep. 131, 21 Pac. 555.].)

As the appellant had full opportunity to probe the circumstances of the sale, but did not avail himself of such opportunity, it is doubtful whether he should now be allowed to complain of the method of proof permitted by the court. We do not think it necessary to express an opinion upon this matter, for it is evident that if the sale was in fact made by some one who had authority to act for the corporation, such fact and sale may, upon a retrial be shown in such a way as to obviate the objections urged by the appellant upon this score.

For the error in overruling appellant's objection to the account the judgment and order must be reversed, and it is so ordered.

Lennon, P. J., and Murphey, J., *pro tem.*, concurred.

A petition for rehearing of this cause was denied by the district court of appeal on March 29, 1913.