[L. A. No. 3465.   Department One.—August 30, 1915.]

CHAN KIU SING et al., Respondents, v. HUNTLEY L. GORDON et al., Appellants.

ACTION FOR DAMAGES—DESTRUCTION OF ASPARAGUS CROP—DAMAGES—EVIDENCE—GROSS RECEIPTS AND EXPENSES FOR PRECEDING YEARS — In an action for damages brought by a lessee of certain agricultural land planted to asparagus, against his lessor, who it is claimed unlawfully took possession of the leased property and plowed up and destroyed the asparagus growing thereon, it is proper for the plaintiff to show the gross receipts and expenses of the premises for the five years preceding the destruction of the crop, in order to estab-

lish the average yield per acre of the land in ordinary years and under usual conditions.

ID.—EVIDENCE—ACCOUNT BOOKS—ERRONEOUS ADMISSION.—In such a case, however, it was reversible error to allow one of the plaintiffs to testify to the contents of the account books of plaintiffs showing that the average yield of the net profits of the asparagus from the land for the preceding five years had exceeded a certain sum, where the only evidence of authentication of the books was the testimony of the witness that they were kept under his direction, that he was familiar with them and had examined them within the last day or two, that they were kept by the foreman on the premises and he saw them occasionally, and that they were in the Chinese language, there being no other substantial evidence of the probable value of the crop claimed to have been destroyed.

ID.—ACCOUNT BOOKS—FOUNDATION FOR ADMISSION.—In order to lay the foundation for the admission of such evidence it must be shown that the books in question are books of account kept in regular course of the business, that the business is of a character in which it is proper or customary to keep such books, that the entries were either original entries or the first permanent entries of the transactions, that they were made at the time, or within reasonable proximity to the time, of the respective transactions, and that the person making them had personal knowledge of the transactions, or obtained such knowledge from a report regularly made to him by some other person employed in the business whose duty it was to make the same in the regular course of the business.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial. John L. Childs, Judge presiding.

The facts are stated in the opinion of the court.

Davis, Kemp & Post, for Appellants.

George S. Hupp, and Frank C. Hill, for Respondents.

SHAW, J.—The defendants appealed from the judgment and from an order denying their motion for a new trial.

The appellants executed to the plaintiffs a lease for twenty acres of agricultural land planted in asparagus, for the term of one year ending July 31, 1911. The plaintiffs claim that, upon the expiration of said term they held over for more than sixty days, and that, thereby, the said lease was renewed, under section 1161 of the Code of Civil Procedure, for another

year expiring July 31, 1912. In January, 1912, without the consent and against the will of plaintiffs, the appellants, and others acting under their direction, entered upon the premises, ousted the plaintiffs, and plowed up and destroyed the asparagus growing thereon. The plaintiffs thereupon began this action to recover the damages alleged to have been caused by the trespass aforesaid. They alleged that they suffered damages therefrom in the sum of fifteen thousand dollars. The court found in their favor and assessed the damages at three thousand dollars.

The appellants demurred to the complaint on the ground that it was ambiguous in that it did not set forth separately the amount of damages caused by the respective acts of trespass alleged. It is unnecessary to determine whether or not this objection was well taken, since there was no claim on the trial that any damage was caused except by the destruction of the crop of asparagus. When the case again reaches the lower court the plaintiffs may amend their complaint in this respect.

The evidence showed that the roots of asparagus are perennial, that the profits come from the shoots which grow therefrom each year, and that this land had been planted in asparagus for more than five years before the alleged destruction thereof. For the purpose of showing the damage caused by said destruction, the plaintiffs undertook to prove the probable yield and value of the crop which would have grown upon the premises during the remaining portion of the lease under which they held the same, if the asparagus roots had not been destroyed. They attempted to show the gross receipts and expenses of the premises for the five years preceding the destruction of this crop, in order to establish the average yield per acre of the land in ordinary years and under usual conditions. This was in accord with the rule established by the decision in *Teller* v. *Bay and River Dredg. Co.*, 151 Cal. 209, [12 Ann. Cas. 779, 12 L. R. A. (N. S.) 267, 90 Pac. 942]. For this purpose, Chan Kiu Sing, one of the plaintiffs, was allowed to testify to the contents of the account books of the plaintiffs showing that the average yearly net profits of the asparagus from this land, for the preceding five years, had exceeded six thousand dollars. The evidence concerning the books was admitted over the objection of the appellants that the books were incompetent and self-serving,.

that they had not been kept by the witness and were not shown
to be books of original entry. The only evidence on the sub-
ject was that of Chan Kiu Sing. He testified that the books
were kept under his direction, that he was familiar with them
and had examined them within the last day or two, that they
were kept by the foreman on the premises and he saw them
occasionally, and that they were in the Chinese language.
We think the court erred in admitting the testimony as to
the contents of the books without further authentication. In
order to lay the foundation for the admission of such evidence
it must be shown that the books in question are books of ac-
count kept in the regular course of the business, that the busi-
ness is of a character in which it is proper or customary to
keep such books, that the entries were either original entries
or the first permanent entries of the transactions, that they
were made at the time, or within reasonable proximity to the
time, of the respective transactions, and that the persons mak-
ing them had personal knowledge of the transactions or ob-
tained such knowledge from a report regularly made to him
by some other person employed in the business whose duty it
was to make the same in the regular course of business.
(1 Elliott on Evidence, secs. 458 to 463, inclusive; 2 Wigmore
on Evidence, sec. 1554; 2 Jones on Evidence, sec. 322.) There
are many decisions in this state holding that books of account,
properly authenticated by preliminary proof, are admissible
in evidence, but all of them recognize the proposition that
there must be proof of the character above stated in order to
render them admissible. (*Watrous* v. *Cunningham,* 71 Cal.
32, [11 Pac. 811] ; *Landis* v. *Turner,* 14 Cal. 573; *Roche* v.
*Ware,* 71 Cal. 377, [60 Am. Rep. 539, 12 Pac. 284] ; *Bushnell*
v. *Simpson,* 119 Cal. 662, [51 Pac. 1080] ; *Kearns* v. *McKean,*
76 Cal. 89, [18 Pac. 122].) The testimony of the witness on
this subject came far short of the requirements of the law.
He did not say that the entries were contemporaneous with
the transactions or within reasonable proximity thereto, or
that the person making them had knowledge of the transac-
tions. There was evidence that many items of the expenses
were paid by the witness himself. He did not reside on the
premises, but was engaged in other occupations. The work
on the ranch was done by hired men. There was no evidence
showing how the business was carried on, nor who received
the proceeds of the sales of the crops, nor how the foreman

obtained knowledge of the items entered, nor any general statement that the books were correctly kept, nor that Chan Kiu Sing was present at the ranch during that period.

The admission of this evidence was an error of sufficient gravity to justify a reversal of the order denying the motion for new trial. There was no other substantial evidence of the probable value of the crop claimed to have been destroyed. The court could only determine that value by an inference that it would approximate the value it had reached in previous years. No witness testified to the fact that the previous profit had been equal to the amount shown by the books, or that there had been any previous profits. On the other hand there was evidence given by some three or four witnesses, apparently persons of good repute, to the effect that Chan Kiu Sing himself had repeatedly stated that the premises had not been profitable and for that reason that he was unable to pay any greater rent than eight hundred dollars per annum. This was clearly sufficient to arouse the suspicion that the books were not accurately kept.

The judgment and order are reversed.

Sloss, J., and Lawlor, J., concurred.

Hearing in Bank denied.