[Civ. No. 1942. Second Appellate District.—May 28, 1917.]

## F. A. PRESTON, Respondent, v. J. M. DUNN, Appellant.

ACTION FOR GOODS SOLD—PAYMENT—ISSUE—FINDING.—In an action for goods sold and delivered, where the complaint fails to allege that the defendant agreed to pay the alleged reasonable value of the goods, and the answer affirmatively alleges that the goods were sold for an agreed price, the defendant is entitled to a finding on that issue, and a finding that plaintiff's claim is due "upon· an open book account" is not sufficient.

ID.—EVIDENCE — ERRONEOUS ADMISSION OF LEDGER — ADMISSIONS—ERROR CURED.—In an action for goods sold and delivered, error in admitting in evidence a ledger purporting to show the account, is not prejudicial, where the sale and delivery of the goods were admitted, and the reasonable value of the goods proved to be the same as the sum charged.

APPEAL from a judgment of the Superior Court of Los Angeles County. Fred H. Taft, Judge.

The facts are stated in the opinion of the court.

Gray & Bittleston, and Ben F. Gray, for Appellant.

Humphrey Marshall, and Frederick A. Preston, for Respondent.

CONREY, P. J.—The defendant appeals from the judgment which was rendered for the amount demanded in the complaint. The (fourth amended) complaint alleged that plaintiff's assignor sold and delivered to the defendant at his special instance and request certain goods reasonably worth a certain stated amount; that the defendant has failed and refused to pay said amount, except a sum for which credit is given; that there is due, owing, and unpaid from defendant to plaintiff upon an open book account of said goods a balance of $386.54. The answer denied the allegations of the complaint and for further answer alleged that the defendant entered into a verbal agreement with the plaintiff's assignor, under which said assignor agreed to sell and deliver to defendant a well outfit complete for the sum of $310; that defendant paid on said contract the sum of three hundred dollars, and admits

that the remaining $10 has not been paid. The bill of particulars furnished by the plaintiff and taken from the assignor's ledger shows that the amount charged for the items which the defendant includes in the alleged $310 contract was $95, plus $490.71. This difference in their contentions constitutes the real subject matter of the controversy. The court in its findings of fact stated that said assignor "sold and delivered to defendant at his special instance and request, on an open book account thereof, certain goods, wares, and merchandise, more particularly set forth in the bill of particulars on file in this action"; that said goods were reasonably worth the sum stated in the complaint; that there is due, owing, and unpaid from defendant to plaintiff "upon said open book account of said goods, wares, and merchandise, a balance amounting to the sum of $386.54."

There was in the answer a plea of the statute of limitations and a denial of the assignment of the claim to plaintiff, and these defenses are mentioned in the briefs. But at the oral argument the court was informed by counsel that appellant does not now question the assignment and does not insist upon the statute of limitations as a defense. We will discuss the remaining questions presented.

It is contended that the court failed to make any finding upon the stated defense that the goods constituting the well outfit were sold for an agreed price; whereas the evidence shows that they were sold for an agreed price and not for their "reasonable value." If we may assume that the court did find that they were sold for their reasonable value and not for a specified agreed price, we are satisfied that the finding is sustained by the evidence; for although the defendant testified to facts showing the contract as alleged by him, his testimony was denied by the witness who, as agent of plaintiff's assignor, made the sale. The testimony of that agent also affirmatively shows that the goods were sold and delivered in the following manner, viz.: That the witness quoted to the defendant the said prices of $95 and $490.71, and that after receiving the said quoted prices the defendant ordered the goods. Also that the items charged were made in regular transactions of business with the defendant, and the goods sold and delivered to him and the charges made on the books as they are shown in the bill of particulars; that said prices were agreed upon. Fur-

ther he testified that the said prices were the reasonable value of the articles furnished.

The findings of fact fully include and support the allegations of the complaint to the effect that the goods were sold and delivered to the defendant and were of the reasonable value stated. This finding, together with the finding that the amount stated was due to the plaintiff upon an open book account, would be sufficient to support the judgment, since those facts, together with the findings upon other facts not now in dispute, covered all of the allegations of the complaint and the complaint stated a cause of action. But the complaint did not allege, and the court did not find in terms, that the defendant agreed to pay for those goods the reasonable value thereof. The defendant had affirmatively alleged that the disputed items were sold to him upon an agreed price of $310. Notwithstanding that the items were worth more money, the sale might have been for the smaller sum of $310. The defendant was entitled to a finding upon this issue, for if it were determined in his favor, his defense would be sustained. The finding that the amount of the balance claimed by plaintiff is due "upon an open book account" amounts to nothing more than a finding that the vendor of the goods kept a book of account in which it made its charges against the defendant, and that it made those charges in sums which were the reasonable value of the goods sold.

It is further claimed that the court should have sustained defendant's objection to the book of account which was received in evidence. The objection was based upon the fact that the book offered was merely a ledger which did not contain the original charges and was not the best evidence. The defendant admitted that all of the goods were sold to him as claimed by the plaintiff. The entire controversy relates to the amount payable therefor. The defendant admitted that the bill of particulars was correct to the extent that it was a true copy of the account as it appeared in the ledger; the admission did not go far enough to consent to the reception of the ledger itself. The bookkeeper testified that the ledger items were taken from a cash-book and cost sheets. We need not consider the cash-book, since it is admitted that the payments made on account were correctly credited. The question then is whether the ledger was properly admitted, when the cost sheets might have been produced as the primary and best

evidence. The bookkeeper said in substance: "These items charged in the ledger are taken from slips handed me by the cost clerk. As the work goes on the workmen turn in their records and we take them from those slips. These items are correctly taken from the charges made on the slips showing actual time and valuation of materials furnished. But I do not know whether the statements themselves are correct. I entered from the cost sheet into the ledger and it is a copy of the cost sheet." The salesman testified that when the goods were sold (referring to the $490.71 item), he placed the order in a book. "That book has been destroyed. It was kept by our trustee for a year afterward. Thinking no question about it, we closed our office." On cross-examination by defendant's counsel, he further testified that the figures which he had written in that book showed the price as made to Mr. Dunn, "the same as was copied on the cost sheet." The facts thus shown in evidence were not sufficient to constitute the foundation necessary to authorize the admission of the ledger. (*San Francisco Teaming Co.* v. *Gray*, 11 Cal. App. 314, 320, [104 Pac. 999]; *Chandler* v. *Robinett*, 21 Cal. App. 333, [131 Pac. 891]; *Chan Kiu Sing* v. *Gordon*, 171 Cal. 28, [151 Pac. 657]; *Montgomery & Mullen Lumber Co.* v. *Ocean Park Scenic Ry. Co.*, 32 Cal. App. 32, [161 Pac. 1171]). But as the sale and delivery of the goods were admitted, and the reasonable value of the goods was proved to be the same as the sum charged, the error was not prejudicial. It might have been important with respect to the plea of the statute of limitations. (Code Civ. Proc., sec. 339, subd. 1.) The section pleaded refers to the two-year period of limitations. An open book account may be sued upon at any time within four years. (Code Civ. Proc., sec. 337, subd. 1.) But as we have stated, that defense has been waived on this appeal; and even if otherwise good, it could not have been sustained, since the record before us does not show the date of commencement of the action.

By reason of the court's failure to find upon the affirmative defense above noted, the judgment is reversed.

James, J., and Shaw, J., concurred.