Wilson Truckers Ass'n

vs        No.8990

John Bonura and Co.Appellants

Charles F. Claiborne, Judge

March 19 th 1923 .

Wilson Truckers Ass'n

        vs                          No.8990

John Bonura and Co.Appellant .

                         Charles F.Claiborne,Judge.

This is a suit for the recovery of $276.40 balance due on the price of potatoes sold and delivered.

Plaintiff's petition consists of two counts :

I       The plaintiff avers that on May 1922 it sold,shipped, and delivered to defendant one car load of potatoes,as follows;

| 173 bags | No.1's | at | $2.50 | $432.50 |
|---|---|---|---|---|
| 71 " | " 2's | " | 2.50 | 177.50 |
| 38 " | " 3's | " | 1.00 | 38.00 |
| 12 Hampers Fancy = 6 bags | | " | 2.50 | 15.00 |
| | | | | $663.00 |

that it received on account                       412.50

       leaving a balance due of              $250.50

II     That on May 24th 1922 petitioner sold ~~under~~ and delivered to defendant another car-load of potatoes for the price of $480.00 upon which defendant paid on account $454.10

         ( Price of potatoes      $480.00 )

         ( Paid on account       454.10 )

leaving a balance due of     $ 25.90 , making a total of $276.40 .

The defendant admitted having purchased from the plaintiff " one carload of choice red triumph potatoes " of the grades and price mentioned in the first count of the petition; "that this car of potatoes was shipped by plaintiff for defendant's account to the Baldwin Pope Marketing Co. in St.Louis to be sold for defendant's account;that upon the arrival of said car in St.Louis,it was found that it contained no number One potatoes,a large percentage of number Two potatoes,and some Number Three potatoes ; that owing to the low grade of said

444

potatoes,said Baldwin Pope Marketing Co.were unable to dispose
of the potatoes to the trade," and declined to accept delivery
of them;that defendant caused them to be sold at a greatly
reduced price as "field run " potatoes ; that there was also a
loss in said potatoes owing to their decayed and bad quality
of 1879 pounds; that defendant paid that plaintiff $412.50 which
was the full value of said potatoes.Defendants admitted owing
$23.90 on the second car.

They prayed " for judgment rejecting plaintiffs' demand
except for $23.90 which it prays plaintiff be required to accept
as the full sum due."

Defendants did not tender or deposit the $23.90 .

There was judgment for plaintiffs.for $274.40 and the
defendant has appealed.

Upon the trial of the case the plaintiff offered in
evidence certain entries in a book concerning the shipment of
these potatoes made by a clerk of the plaintiff whose duty it
was to make these entries under plaintiff's instructions.

The objection was overruled.The ruling was correct.
Sec 22 C.J.P.862 S 1034 .P.863 note;" The authorities are nume-
rous which hold that books containing entries made by those
whose duty it was to make them in the usual course of business
are competent evidence when other requisites are sufficiently
established " 88 N.Y. 334-338-22 C.J. p 865 note. 151 Pac 657
C.J.p.868 No.16 p,885 .

The defendant offered to prove 1st.that the car I.C.
55,959 upon which the plaintiff had loaded the potatoes  had
been diverted by the defendants to St.Louis,and what became
of the car there; 2nd that the contents of this car were exa-
mined by the consignees Baldwin-Cope Marketing Co.and rejected
on the ground that the shipment did not contain 173 sacks of
No.One potatoes,and to establish the other defenses set up in

445

the answer,and 3rd to establish how the defendants arrived at
the conclusion that $412.50 was the only amount due to the
plaintiff,that the defendants had a right to divert the shipment.

The plaintiff objected to the introduction of this evi-
dence.The objection was maintained.This ruling was error.

The seller warrants both the quality and condition of
articles sold by him,to be of the quality represented by him and
to be sound at the moment of delivery or within a reasonable
time thereafter.From the time the potatoes were sold and delivered
to the defendants,they became their property and they had a right
to ship them to any place in the world,and to sell them to any
buyer they chose.The vendor's warranty,as to quality,followed
the potatoes for all time and in all places.The vendor's warranty
was not bounded by longitude or latitude,but as to soundness it
lasted only for such length of time as potatoes keep sound under
ordinary conditions.If the vendors failed in that warranty the
purchaser had a right to claim a reduction of the price.The
vendor did not escape that warranty,nor did the purchaser forfeit
that right,because of the fact that the purchaser shipped the
potatoes to am point different from the original destination.
Whether the inferior grade,or unsoundness of the potatoes was
discovered in New Orleans or in St.Louis,did not affect the war-
ranty.When defendants resisted the payment of the price of the
potatoes upon the ground that they were inferior in quality;or
grade,or standard,from that purchased by them,or were unsound,
at a time when they should have been sound,they certainly should
have been permitted to establish that defense.

In all sales there is an implied warranty against redhi-
bitory vices or defects.C.C.2476(2451) 121 La 75-41 A 1050 -
12 Ct.App 351- C.C.2542 (2520 ) "The buyer may also content him-
self with resorting to this action(reduction of the price)when the
quality,which the thing sold has been declared to possess and
which it is found to want,is not of such importance as to induce

446

him to demand a redhibition".

A purchaser of flour of a certain grade and kind is entitled to a return of the price paid by him  if an inferior article is shipped to him 5 Ct.App.241 .

The case of Brown and al vs Duplantier 1 N.S.312 is a case similar in every respect to the case under consideration. In that case the plaintiffs purchased from the defendant a number of cotton bales and sold and shipped them to Liverpool; at that place it was found that the cotton was of an inferior quality.The Court allowed the plaintiffs a reduction of the price. See also Shawcross vs Nivette Manning's U.C.118-5 R 217 - 3 A 455 3 A 442-7 A 613-8 A 136 .

The defendant sold to the plaintiff's 150 barrels of potatoes in New Orleans for $2.30 a barrel.He immediately shipped them to Shreveport and sold them for $3.20 a barrel. On examination there,they were found unsound,and the purchaser refused to accept them.Held,the plaintiffs were entitled to recover the reduction of the price -7 A 242 .

Inasmuch as the defendants admitted owing $23.90 but failed to tender or deposit the same according to law,but on the contrary prayed that the plaintiffs be condemned to accept said amount in full payment, there must be judgment for plaintiff for $23.90 with costs. 23 A 183 -24 A 17 -108 La 125 -11 Ct.App 191- 4 R 146- C.P.415-416-155-549-52 A 864, .It is therefore ordered that the judgment herein in favor of the plaintiff be reduced from $274.40 to Twenty Three 90-100 dollars with costs in both Courts; that the rights of the plaintiff to recover $250.50 balance claimed and itemized on the first count be reserved;and for that purpose this case is remanded for a further trial upon the evidence already on file and upon such further evidence as the parties may introduce,and in accordance with the views hereinabove expressed;the plaintiff to pay the costs of appeal.

Judgment amended and case remanded for further trial.

March 19 th 1923 .