[Civ. No. 7718. First Appellate District, Division Two.—January 26, 1931.]

HIRAM WARREN, Administrator, etc., et al., Respondents, v. JOHN F. HILTSCHER et al., Appellants.

A. E. McManus for Appellants.

George S. Hupp and Ben F. Gray for Respondents.

BURROUGHS, J., *pro tem.*—The plaintiff Hiram Warren is the administrator with the will annexed of the estate of James E. Dawson, deceased. The plaintiff Minnie L. Engle is the executrix of the last will and testament of Bertha Dawson, deceased. The plaintiffs, acting in their representative capacity as aforesaid, commenced this action to recover from the defendants certain commissions alleged to be due on a contract of employment made and executed between the defendants and James E. Dawson. The court rendered judgment in favor of the plaintiffs and the defendants appeal therefrom.

■ This appeal is based upon the claim that the admission in evidence of the book of account, called the time-book, was reversible error; that it should have been excluded; and that without it there was no evidence upon which the court could predicate its findings.

It is undisputed that the defendants entered into a written contract with said Dawson. By its terms the defendants employed Dawson to construct a certain building, and for such services he was to receive as compensation ten per cent of the cost of construction, the same to be paid upon completion of the building. Acting under said contract Dawson constructed the building at a cost of $50,372.80 and he thereby became entitled to a commission of $5,037.28. During the course of the construction of said building the defendants paid to Dawson $12,312.90, which sum, according to the time-book received in evidence, was accounted for by payments for labor and material used in said building. A balance of $2,128.25 was found to be due the plaintiffs. This sum, together with interest allowed by the court, made a total of $2,434.80, the amount for which judgment was rendered. Appellants, as heretofore stated, claim that the time-book was not properly proved so as to entitle it to admission in evidence. The rule governing the admission in evidence of books of account is clearly stated in *Chan Kiu Sing* v. *Gordon,* 171 Cal. 28 [151 Pac. 657], where it is held that, "In order to lay the foundation for the admission of such evidence it must be shown that the books in question are books of account kept in the regular course of the business,

that the business is of a character in which it is proper or customary to keep such books, that the entries were either original entries or the first permanent entries of the transaction, and they were made at the time, or within reasonable proximity to the time, of the respective transactions, and that the persons making them had personal knowledge of the transactions or obtained such knowledge from a report regularly made to him by some other person employed in the business whose duty it was to make the same in the regular course of business. (1 Elliot on Evidence, secs. 458 to 463, inclusive; 2 Wigmore on Evidence, sec. 1554; 2 Jones on Evidence, sec. 322.)'' To establish the authenticity of the time-book, the respondents called as a witness Lester A. Daniels, who testified that he was the foreman of the carpenters who worked on the job, and that it was his duty to see that all the men were at work; that he kept the time of the men and gave it to Mr. Dawson; that he generally checked up the time each Saturday morning; that whenever he gave the time to Mr. Dawson the latter would enter it in his time-book; that he, Mr. Dawson, carried the time-book continuously; that sometimes the witness would pay off the men and sometimes they were paid by Dawson; that they were paid by check. The witness was then shown the time-book and asked if he had ever seen it before, to which he replied: ''I have, I would say it was this time book that Mr. Dawson carried with him continuously.'' The witness also testified that he was familiar with the handwriting of Dawson at the time of the transaction. The witness was further asked the following questions and gave the following replies: ''Q. Now examine that book and state whether or not you can say that is Mr. Dawson's handwriting or not? It is like I said before, I would say yes. Q. That is your best? A. That is the best of my knowledge. I would say that handwriting resembled Mr. Dawson's handwriting enough—I would say it was Mr. Dawson's handwriting.'' The witness also identified the book by certain peculiarities in Dawson's handwriting; also by the personal account of the witness appearing in the book. On cross-examination the witness admitted that he ''couldn't absolutely identify that book, as the book'', and he made some similar expressions which threw some possible or imaginary doubt upon his identification of the book. It is

further claimed by the appellant that the items for painting were not in any manner identified. On this subject the witness Daniels testified that he knew that some money was paid to the painters on the job; that he saw Mr. Dawson give them a check, but did not know the amounts due them; that Dawson kept the entire—that the book he carried kept the entire time of all; the witness also said: "I know he kept the time of everything in the book that he carried . . . because I saw him putting the time down." The witness admitted he did not always see him put it down, but that he kept the time in that one book; that he did not know whether the time of the painters was correct, because the witness did not write it down himself, he did know some of the painters whose names appeared in the book. In addition to the foregoing, all of the names together with the amounts thereof were compared with the canceled checks issued to all of the workmen and they tallied. In 10 Ruling Case Law, page 1175, it is said: "The admissibility of books of account, is in the first instance a question for the court, to be determined upon the preliminary proof made as required either at common law or by statute." In the instant case the court held the time-book admissible, and we think the ruling was correct.

In Jones on Evidence, section 323, the rule is stated that: "It has long been a settled rule of law both in England and in this country that a minute or memorandum in writing made at the time when the fact it records took place by a person since deceased, in the ordinary course of business corroborated by other circumstances which render it probable that the fact occurred is admissible in evidence." In *Austin* v. *Wilcoxson*, 149 Cal. 24, 31 [84 Pac. 417, 419], it was claimed the court erred in admitting in evidence the cash-book and two ledgers kept by the deceased, but it was shown that the books were kept in the regular course of business, the entries were contemporaneous with the facts they represented and they were in the handwriting of the deceased. The court said: "It may not be doubted that the books were admissible in evidence."

Section 1946 of the Code of Civil Procedure declares that such entries may be read as *prima facie* evidence of the facts stated therein. We believe the book was properly

322

received in evidence. No other point is presented for a reversal of the judgment. It follows that the judgment must be affirmed, and it is so ordered.

Nourse, P. J., and Sturtevant, J., concurred.