[Crim. No. 1720.   Third Appellate District.—June 20, 1940.]

THE PEOPLE, Respondent, v. M. TAGAWA, Appellant.

Albert E. Coger for Appellant.

Earl Warren, Attorney-General, and J. Q. Brown, Deputy Attorney-General, for Respondent.

PULLEN, P. J.—In an opinion affirming an order granting a new trial (*People* v. *Tagawa,* 35 Cal. App. (2d) 14 [94 Pac. (2d) 354]) the facts in this case are fully set forth, and it is not necessary to repeat them again.

The matter is now before us on an appeal from a judgment of conviction of murder in the first degree with punishment fixed at life imprisonment.

The principal grounds for reversal as urged by appellant seem to be the insufficiency of the evidence to support the judgment, that the court erred in admitting in evidence a certain account book, and also erred in an instruction to the jury.

Two witnesses testified they saw appellant shoot the deceased. I. Takada testified he stood in the cage of the lookout, or watchman, and from there he saw what happened in the yard below. Appellant claims that due to the angle of vision, a person standing where Takada said he was, could not see the deceased as he fell. That, of course, we do not know. No witnesses were called to establish that fact, nor were the jury asked to view the premises. That was a matter of defense to be submitted to the jury.

Appellant also claims the testimony of the other eye witness, Tomita, is highly improbable. It is argued that if, as he testified, the deceased and his killers followed Tomita

as closely as they apparently did, he would have seen or heard them on the stairs immediately behind him. That is also a matter for the jury. Certain discrepancies are also pointed out in their testimony as given at the first trial and as given at the second trial. As has often been said, the credibility of the witnesses and the weight to be given their testimony is exclusively for the jury. We cannot go into that matter here.

■ Appellant claimed he was in Los Angeles at the time of the murder and that he is the victim of a plot. That is a proper matter of defense and was presented to the trial court and jury and evidently not believed. We have read the entire record and are convinced as were the jury in the first trial and the jury in the present trial, that appellant was the man who shot the deceased.

■ It is next claimed the court erred in admitting an account book of a hotel where appellant lived just prior to the murder. It is claimed the witness Kubo has no personal knowledge of the transaction of which he testified.

The following is found in the record:

"The Court: You kept the book yourself, did you? A. Well, yes. The Court: You make the entries in the book? A. Yes. Mr. Coger: Q. Did Mr. Nagahisa sometimes make entries in the book, too? A. No, he did not. Q. Mr. Kubo, do you know in whose handwriting that page, page 59 of the book is in? A. My handwriting. Q. All that book is yours? A. Yes, sir."

The account book here was that of a hotel; the items were the original entries made in the usual course of business, and were made by the witness in the regular course of business from his knowledge and from reports regularly made to him by the proprietor of the hotel. The witness knew appellant and knew he was a roomer in the hotel. A person making such entry may have personal knowledge of the transaction or have obtained such knowledge from a report regularly made to him by some other person employed in the business whose duty it is to make such reports in the regular course of business. (*Chan Kiu Sing* v. *Gordon*, 171 Cal. 28 [151 Pac. 657] ; *Montgomery etc. Co.* v. *Ocean Park Scenic R. Co.*, 32 Cal. App. 32 [161 Pac. 1171].)

■ The instruction complained of is to the effect that if a witness deliberately and wilfully testified falsely in one

material matter, the jury might treat all of his testimony with distrust, and if they saw fit could reject all thereof, unless they were convinced from the evidence that he had in other particulars told the truth.

Appellant finds an implication therein that if the witness has in "other particulars" told the truth, the rule as to rejection or distrust is then not to be applied to the witness' testimony. This instruction was substantially the same as affirmed in *People* v. *Dobbins,* 138 Cal. 694 [72 Pac. 339], and we do not believe the criticism of appellant is well founded.

Appellant points out many instances of what he claims falsehoods, discrepancies and contradictions in the evidence, but these were matters going to the credibility of the witnesses. A study of the entire record of this case leaves this court convinced, as it did the jury, that the accused was guilty of the crime of which he was convicted.

The judgment and the order denying the motion for a new trial are affirmed.

Thompson, J., and Tuttle, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on July 18, 1940.