RCA GLOBAL COMMUNICATIONS, Plaintiff

v.

FRANCISCO S. QUENGA, Defendant

Civil Case No. 748-78

Superior Court of Guam

July 26, 1979

ABBATE, *Presiding Judge*

### DECISION AND ORDER

This matter came before the Court on plaintiff RCA Global Communications' Motion for Summary Judgment. Mr. Klitzkie appeared on behalf of the plaintiff and Mr. Manibusan represented the defendant. The motion was heard before the Honorable Paul J. Abbate on July 16, 1979, and decision was reserved.

The plaintiff seeks summary judgment on an action to recover a sum of $3,507.75 from the defendant. The above

sum was allegedly incurred and charged to the defendant's RCA account number. The basis for the plaintiff's action are records of the calls, supported by the affidavit from the plaintiff's credit administrator.

The defendant denies any responsibility for the above-mentioned charges. Also, the defendant contends that the plaintiff was negligent in allowing such an amount to accrue since the credit limit on the defendant's RCA account is only $150.00.

Before turning to the question of the existence of any genuine material issue of fact we must examine the records and supporting affidavit submitted by the plaintiff in support of summary judgment.

██ In order to be admissible as evidence the records in question must fall into the business records exception to the hearsay rule. In order to fall within the above-mentioned exception certain requirements must generally be met. There are a line of California cases which list the basic elements which must be laid for a proper foundation. That would allow the business records to be admissible into evidence. The requirements are as follows:

(1) that the books or records are kept in the regular course of business;

(2) that the business is of a character in which it is proper and customary to keep such books;

(3) that they were made at the time or within a reasonable proximity to the time of the transactions;

(4) that the entries are either original entries or the first permanent entries of the transaction; and

(5) that the persons making them had personal knowledge of the transaction or obtained such knowledge from a report regularly made to him by some person employed in

the business whose duty it was to make the same in the regular course of business; or the sources of information and method and time of preparation were such as to indicate its trustworthiness. *Gough v. Security Trust & Savings Bank*, 162 C.A.2d 90 (1958); *Kains v. First National Bank*, 30 C.A. 447 (1939); *Richmond v. Frederick*, 116 C.A.2d 541 (1953); *Bufono v. City and County of San Francisco*, 233 C.A.2d 61 (1965); *Burke v. John E. Marshall, Inc.*, 42 C.A.2d 195 (1941); *Chan Kiu Sing v. Gordon*, 171 Cal. 28 (1915).

 Efforts to enter business records into evidence without laying a proper foundation will render those records incompetent and therefore inadmissible. *Pruett v. Burr*, 257 P.2d 690 (1953); *Pabst Brewing Co. v. E. Clemens Horst Co.*, 229 F. 913 (1916).

In the present case the plaintiff has failed to lay a sufficient foundation. The affidavit of one Beverly Bushaw does not fulfill the above-mentioned requirements for a proper foundation.

Even though the records in question were to be found admissible a summary judgment would be improper for the reason that genuine material issues of fact do exist in this case and accordingly must be litigated at trial.

For the aforementioned reasons, the plaintiff's MOTION IS DENIED.

SO ORDERED.